Duer, J.,
held, that this is not a defence of which the defendants can avail themselves; that, admitting that the association was a moneyed corporation, subject, as such, to the provisions of the *677 Revised Statutes, and that, by its failure to comply with those provisions, it had forfeited its charter, it belonged to the state alone, by a proceeding instituted for that purpose, to enforce the forfeiture, and that the association, until by a judicial sentence its charter was declared to be void, was a corporation de facto, and that no private person, more especially no person dealing with it, could be permitted to say that it was not also a corporation de jure. (Triton Ins. Co. v. McGarian, 4 Denio, 392; Brower v. Appleby, 1 Sand. S. C. R. 107; Palmer v. Lawrence, 3 id. 161, 170.)
Judgment for plaintiff, directing salé of mortgage and premises.