## SUPREME COURT.

### Joseph Haight, Jr., and others agt. The New York Elevated Railway Company.

*Injunction, when not authorized to restrain a railway company from proceeding with the construction of their road on the ground of a forfeiture of their charter.*

It is not every case of a clear violation of the plaintiff's rights that entitles him to an injunction to restrain such violation. He must first clearly show that the act itself is illegal.

Where the plaintiffs in their action proceeded upon the theory that the defendants had not completed their road within the time prescribed by the acts under which they were originally organized, and therefore had forfeited all their chartered rights, and that further proceedings by them in the erection, &c., of a part of said road, in the absence of lawful authority, would be a nuisance specifically detrimental to the plaintiffs as property owners, and which entitled them to an injunction to restrain the defendants from further proceeding:

*Held*, that as the defendants are professedly acting under a legislative grant, the court cannot assume that they have forfeited their rights under that grant, it not appearing that any action has been instituted by the state for a forfeiture.

The allegations of the complaint charging the defendants with extorting illegal or excessive fares from their passengers, constitute no ground for granting an injunction.

If the defendants have violated their charter, the attorney-general can institute proceedings to compel compliance with or a forfeiture of their charter. And an individual who has been compelled to pay an illegal or excessive fare can have his wrong redressed by an appropriate action.

*New York Circuit, April, 1875.*

Motion for an injunction to restrain the defendants from constructing certain side tracks or turnouts in Greenwich street, and from building or erecting wooden buildings or

other structures across Bank street, at its intersection with Greenwich street.

*Chauncey Shaffer*, for plaintiffs.

*Charles E. Tracey*, for defendants.

LAWRENCE, *J.* — This motion proceeds mainly upon the theory that the defendants have not completed their road within the time prescribed by the acts of 1867 and 1868; that therefore they have forfeited all rights under said acts, and that the erection of the tracks or turnouts, &c., in the absence of lawful authority for that purpose, would be a nuisance, specially detrimental to the plaintiffs as property owners, from which nuisance this court, in the exercise of its equitable powers, should protect the plaintiffs.

It was held by judge BLATCHFORD, in the case of *Currier agt. The West Side Elevated Railway Co.* (6 *Blatchford's C. C. Reports, p.* 487), that as the legislature had authorized the construction of this railway, the courts could not interfere by injunction with such construction on the ground that it was a nuisance, and further that the acts of 1867 and 1868 were constitutional and valid.

Since the decision of the court of appeals in the case of *The People agt. Kerr* (27 *N. Y. Repts.*, 188), the constitutionality of those acts could not fairly be questioned.

The case then comes to this : The plaintiffs claim that the defendants, as the successors of The West Side, &c., Railway Company not having completed their road within the time prescribed by those acts, they have no right to proceed further with the work of building said road, or with the construction of the turnouts referred to in the complaint. In other words, that all rights granted by said acts are forfeited and gone, and that the defendants have no legal existence.

If the defendants or their predecessors have forfeited their rights under said acts, such forfeiture cannot be tried or

enforced in this collateral proceeding (*Thompson* agt. *N. Y. & Harlem R. R. Co.*, 3 *Sandf. Ch. R.*, 625–652; *Mechanics' Ban. Assn.* agt. *Stevens*, 5 *Duer*, 676; *Trustees of Sernon* agt. *Hills*, 6 *Cowen*, 23; *Buffalo, &c., R. R. Co.*, agt. *Cary*, 26 *N. Y.*, 75; *Commonwealth* agt. *Union Ins. Co.*, 5 *Mass.*, 230; *Boston Glass Co.* agt. *Langdon*, 24 *Pickering*, 49; *Peirce* agt. *Somersworth*, 10 *New Hampshire*, 369; *Chesapeake, &c., Canal Co.* agt. *Railroad Co.*, 4 *Gill & J.*, 1; *Regents of University* agt. *Williams*, 9 *Gill & J.*, 365).

1. As the defendants are professedly acting under a legislative grant, the court cannot assume that they have forfeited their rights under that grant, it not appearing that any action has been instituted by the state for a forfeiture.

2. The complaint alleges that the defendants are using a different motor from that which was approved of by the commissioners appointed under the act of 1867, to wit, dummy engines propelled by steam, instead of a stationary engine and propelling cable, and it is averred that such use is without lawful authority.

In their answer the defendants allege that the use of these engines was authorized and approved of by the commissioners. This is a question of fact, on which the parties are at issue, and which cannot be determined on a motion.

The plaintiffs' counsel contended, however, on the argument, that the commissioners, after having approved of one kind of motor or propelling power, had exhausted their powers, and could not approve or authorize the use of another.

Even if this view is sound, as the defendants allege in their answer that the commissioners had approved of dummy engines propelled by steam as a motor, I do not think that on this motion I would be justified in deciding that, as a matter of fact, by some previous action of the commissioners, their powers had become exhausted.

And so far as the question is to be regarded as one of law, I am by no means clear that the commissioners were not

Haight agt. New York Elevated Railway Company.

authorized to approve of another and a different motor than that first adopted and approved of by them.

3. The allegations in the complaint charging the defendants with extorting illegal or excessive fares from their passengers constitute no ground for granting the injunction which is asked for.

If the defendants have violated the provisions of their organic act, the state, by the attorney-general, may institute proceedings to compel compliance with such provisions, or for a forfeiture of the franchise of the defendants, and an individual who has been compelled to pay an illegal or excessive fare can have his wrong redressed by an appropriate action.

Such an illegal act does not, however, authorize the granting of an injunction on the complaint of an individual, the effect of which will be to prohibit the defendants from exercising their general corporate powers.

4. It appears by the averments in the answer that the commissioners duly designated Franklin street at its intersection with Greenwich street as a proper point for the location of a side track or turnout, and that the defendants have no intention of constructing any turnout at Bank street until the commissioners have acted upon the defendants' application for that purpose, and make a designation of that point as a proper point for a turnout, pursuant to the provisions of the act. Unless the plaintiffs are right in their position that the corporate rights and powers of the defendants have expired by reason of their failure to complete their road within the time prescribed by the acts of 1867 and 1868, it is quite clear to my mind that the commissioners are authorized to make such designation.

5. Finally, I am of the opinion that the motion for a preliminary injunction should be denied. The power of the court to grant preliminary injunctions, as has been often said, should be exercised with extreme caution, and only in very clear cases. It is not every case of a clear violation of the plaintiff's rights that entitles him to an injunction to restrain

such violation. He must first clearly show that the act itself is illegal (*Bruce* agt. *Delaware & Hud. Canal Co.*, 19 *Barb.*, 371).

Now, in this case, unless the defendants have forfeited the rights acquired by them under the acts aforesaid, it would be lawful for them to build the turnouts, &c., referred to in the complaint, upon obtaining from the commissioners a designation of the points or places referred to as proper points or places for the location of such turnouts, &c. As no action has been taken by the state to establish a forfeiture on the part of the defendants, there is, at the least, an apparent or colorable right and authority in the defendants to proceed with the construction of their road, and of the structures incidental and appurtenant to such road.

Under such circumstances the court should not interfere and restrain the defendants in their operations before an opportunity can be had for the trial of the cause, and for such an examination of the rights of the respective parties as only a trial can afford (*See Bruce* agt. *Delaware & Hud. Canal Co.*, 19 *Barb.*, *pp.* 378, 379, *per* HARRIS, *J.*).

The motion is, therefore, denied, with costs.