Kennedy, J.
The defendant Theodore Bearss commenced an action in the-supreme court against the plaintiff, to recover the possession of the lands therein described, the summons and complaint in which were served on the 19th day of September. In that action the defendant has not answered. It seems-to be conceded that Bearss has a paper title to the lands in dispute, and that at the time he acquired the same the said Sarah Bullard was in possession, and ever since has been claiming to be the owner. After the action of ejectment was commenced, the defendant therein, Sarah Bullard, began this action for the purpose of reforming the deed of the lands under which Bearss claims upon the ground that by fraud or mistake the description is made to convey the lands in dispute, when in fact it was not intended that the same should be included or conveyed. Sarah Bullard was the original grantor of said lands, and the subsequent grantees, down to and including Bearss, are made defendants. In this equitable action the temporary injunction order sought by this motion to be vacated was granted, restraining Bearss from further prosecuting said action of ejectment. In the ejectment action the defendant therein and the plaintiff in this could interpose by way of an equitable defense the same matter which in this action she makes her cause of complaint, viz., the fraud or mistake in the deed; and, if she shall satisfactorily establish the same, it will seem to defeat the plaintiff therein. Phillips v. Gorham, 17 N. Y. 270; Van Deusen v. Sweet, 51 N. Y. 378; Lattin v. McCarty, 41 N. Y. 107; Pitcher v. Hennessey, 48 N. Y. 422; Mandeville v. Reynolds, 68 N. Y. 543. Many other authorities might be referred to in support of the-proposition, and the question is not now an open one. In the ejectment action the plaintiff is entitled to a trial by jury. If the plaintiff in this action shall fail to establish her claim, Bearss would still be obliged to prosecute his-action of ejectment to recover possession, unless same was voluntarily surrendered by Mrs. Bullard. She might refuse to surrender, and perhaps successfully defend the ejectment action upon the ground that she was in possession, holding adversely under a claim of title at the time the plaintiff took his deed, and during the time the several intermediate conveyances were made from-her grantee, Lewis Bullard, notwithstanding she should fail in the equity action in establishing fraud or mistake in the deed. The following principles, applicable to this case, may be regarded, I think, as elementary: Equity will not retain an injunction restraining the prosecution of an action of ejectmentwhere it appears that the complainant has a good defense to such action, and a pending injunction restraining such action or proceeding therein will be dis *684 solved as to any part of said lands the title to which can be determined in such ejectment action. These questions were considered, and the doctrine approved, in Savage v. Allen, 54 N. Y. 458-463. This case, as appears to me, settles the question adversely to the position of the plaintiff here. Equity will not restrain a party from the assertion of title to real estate, unless the ease is entirely free from doubt, since to do so is to deprive the claimant of possession by a suspension of his rights in a summary manner. In this case freedom from doubt or question does not exist, since the claim of the plaintiff must be satisfactorily established before she is entitled to the equitable relief she seeks. Again, it is a salutary rule that when title is being tested in an action of ejectment in a court of law having jurisdiction of the matter the action will not be enjoined, since this interference would be repugnant to the clearly established principle that when different courts or the same court have or has concurrent jurisdiction the right to determine the controversy belongs to the tribunal to which resort is first had. Stockton v. Williams, 1 Doug. (Mich.) 54. In the action of ejectment, as before shown, the defendant can set up the equitable defense of fraud or mistake in the deed, and, if she succeeds in establishing it, that will terminate the suit in her favor, so far as this question is involved. If she fail, the plaintiff will, as against her, have established his right to the possession, and the court will restore the same to him.
The question of the right of possession is the only one involved. So far as this is connected with or rests upon title, just so far the title may be in question; but the right to possession, either in the plaintiff or defendant, may rest upon many other grounds besides actual title, and it cannot be absolutely said that the rights of either party in this regard will be determined in the equity action, what ever the result of that may be. When the rights of. the parties have been definitely settled by a court of equity, it may interpose and restrain a prosecution of an action of ejectment, brought or prosecuted in disregard of these rights. Such was the case in Bush v. Hicks, 60 N. Y. 298, cited by the learned counsel for the plaintiff. I have not been referred to and am not aware of any ease where such interference has been permitted when the title was in dispute and unsettled and undetermined. An order will be entered dissolving the temporary injunction, with $10 costs to defendant Bearss.