(50 Misc. Rep. 474.)

### PEOPLE ex rel. SWAIN v. REVILLE.

(Supreme Court, Special Term, New York County. May, 1906.)

MUNICIPAL CORPORATIONS—BUILDING REGULATIONS—POWERS OF SUPERINTENDENT OF BUILDINGS.

Relator contemplated moving a building purchased by him at a sale by the city of that portion of certain property lying within the lines of a street just opened by the city. The building and the lot on which it stood previously belonged to relator, who was paid by the city for the property taken. Relator intended to move the building so purchased to a new site within the lines of a proposed street, laid down as such upon a city map, but as to which the city had not acquired title. *Held*, that mandamus would lie to compel the superintendent of buildings to approve the plans and specifications for the erection of the building.

Application by the people, on the relation of Harold Swain, for writ of mandamus to Patrick J. Reville, superintendent of buildings of the borough of The Bronx. Writ granted.

Harold Swain, in pro. per.

John J. Delany (Richard H. Mitchell, of counsel), for defendant.

SCOTT, J. The relator applies for a peremptory mandamus to compel the respondent to approve plans and specifications for a house which relator desires to erect upon a lot owned by him. The facts are not disputed. The respondent is superintendent of buildings for the borough of the Bronx, and no building can lawfully be erected in that borough until the plans and specifications therefor are approved by him. It is not the relator's purpose to erect an entirely new building, but to move a building already standing in another location. The building at present stands, in part, upon land which has been acquired by the city of New York for street purposes. In the proceeding for the acquisition of that street, it may be assumed that full compensation was made to the owner, the present relator, not only for the portion of the building lying within the street lines, but for the damage, if any, resulting to that portion of the building not within such lines. Following its usual custom, the city proceeded to sell at auction so much of the building as lay within the lines of the new street, and it was purchased by relator for a nominal

sum, whereby he again became the owner of the whole building, partly within and partly without the new street, and as to so much of it as lay within the street lines he became obliged to remove it. He owned another lot of land about five blocks distant, to which he proposed to remove the house, erecting it upon a foundation which he caused to be prepared. It so happens, probably not accidentally, that the proposed new location is itself within the lines of a proposed street or public place, laid down as such upon the city map, but as to which the city has not acquired title, or, until very recently, taken any steps looking to the acquisition of the title. In order to remove his house to the proposed new location, and erect it there, it will be necessary for the relator to have his plans and specifications approved and obtain a permit to move the house through and along the streets. The present application concerns only the approval of the plans and specifications. It clearly appears that the respondent's refusal to formally approve them is not based upon any objection to, or defect in, them as plans and specifications, but solely upon the belief that the relator's intention is merely to enhance the amount of award he will receive for his lot in the condemnation proceedings, and that it is not intended in good faith to erect the building as a bona fide improvement. There is some evidence that the same building has had a peripatetic career, having been moved several times, and always to a lot about to be acquired by the city for street purposes. In my opinion the reasons thus actuating the respondent are not sufficient to justify him in his refusal to approve the plans and specifications. His sole duty is to determine whether or not the plans and specifications are sufficient as such, and it is no business of his where the building is to be erected, except as the location may bear on the sufficiency of the plans and specifications. Up to the time that the city actually acquires title to a piece of property, the owner may improve it as he will, and no statute or act of any municipal authority which attempts to deprive him of the right to improve his property can be upheld. Forster v. Scott, 136 N. Y. 577, 32 N. E. 976, 18 L. R. A. 543. Undeniably the relator might lawfully erect upon his lot a new building, although he knew that the city intended to acquire the lot in the near future, and, having erected it, he would be entitled to compensation for its value in the condemnation proceeding. He has an equal right to erect or re-erect an old building so long as it is structurally conformable to the law. Neither the defendant nor any city officer has the right to arbitrarily refuse any necessary permit merely because in dealing with his own property, as he has a constitutional right to do, the relator may increase the award he will hereafter obtain. To refuse a permit upon this ground alone savors of coercion and is manifestly illegal. I am therefore of opinion that a peremptory mandamus must issue to the respondent requiring him to approve the plans and specifications. As is noted above, the relator will require, not only the approval of his plans and specifications, but also a permit to move his house through and along the streets, and it appears that such a permit was at one time issued by the borough president. Although the question of directing the issue of such a permit was in-

cluded in the argument before me, I do not understand that it is involved in this particular proceeding. If it were, I should find difficulty in making such an order. It appears from some of the papers that such permits have frequently been issued in the borough of the Bronx; but it would, as I think, be difficult to find warrant in law for any municipal officer to grant permission for such use and obstruction of the highway as must be necessarily involved in moving a house. That question can, however, be dealt with when and if it arises. All that I decide upon the present application is that the respondent should approve the plans and specifications. Settle order on notice.

Motion granted.