(55 Misc. Rep. 529.)

### FLOYD–JONES v. UNITED ELECTRIC LIGHT CO.

(Supreme Court, Special Term, New York County. August, 1907.)

INJUNCTION—TEMPORARY INJUNCTION—REMEDY AT LAW.

   The plant of an electric light company in New York was used merely for storing, transforming, and transmitting an electric current generated at a distance, and supplied over 5,000 customers, lighting streets and public schools, and furnishing light and power to river bridges. It was constructed in the very best manner, and no negligence was charged. *Held*, that its operation would not be enjoined pendente lite at the suit of a private individual having an adequate remedy at law for any damage caused by its operation.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 15, 16.]

Action by one Floyd-Jones against the United Electric Light Company. Motion for preliminary injunction denied.

Frayer, Stotesbury & Gregg, for plaintiff.

Beardsley & Hemmens, for defendant.

McCALL, J. The service which the defendant is rendering is of a quasi public character; and in the particular neighborhood, embracing a large territory, for whose benefit this plant is operated, the defendant company is the only institution of its kind from which electric light, heat, and power can be obtained. It supplies over 5,000 customers, and the range of its service takes in the lighting of the streets and schools belonging to the public, and our bridges that span the rivers in this section of the city obtain both light and power therefrom. Factories are dependent on this station for power to operate their machinery, and a great number of apartment houses operate their elevators by power received from the defendant. It is thus made patent that the injury that would be wrought, not only to the defendant,

but to the public as well, by the issuance of an order that would cause a cessation in the operation of this plant, would be of an exceedingly grave and serious character; while, on the other hand, if the plaintiff has suffered damage in any of his rights, he has a complete remedy at law, which will afford him ample protection, without working incalculable mischief to the public in general. The plant is one in which no machinery for generating electricity is employed. No steam machinery, engines, or boilers are employed, or used, or are to be found within the building. The station is used merely for storing, transforming, and transmitting the current which is generated in a station located at First avenue and Thirty-Ninth street, miles away from the plant the operation of which is complained of, and the proof before me shows that it is made and constructed on the very highest plane, and no negligence is shown or asserted as to its operation. Some vibration, I presume, must necessarily ensue when machinery of any kind is employed, and, if institutions of the defendant's character are entitled to exist at all, all that can in fairness be exacted of them is that they will employ every agency in their power to reduce this to a minimum, and when this is done it may be that annoyance will continue and damage will be worked; but the papers before me will not warrant the granting of the relief prayed for pendente lite, which, if granted, would be tantamount to an adjudication of the issues before trial.

The motion is therefore denied. No costs. Settle order on notice.