HURWITZ v. MOORE, Superintendent of Buildings, et al.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

1. MUNICIPAL CORPORATIONS (§ 621*) — PERMISSION TO MOVE BUILDINGS OVER HIGHWAYS—PERMISSION TO MAKE ALTERATIONS IN BUILDINGS.

The permission of the president of the borough of Brooklyn to move buildings through highways in accordance with a city ordinance and the permission of the superintendent of buildings of the borough to make alterations in the building are independent; and one obtaining a permit to make alterations cannot move the building over the highways, and one obtaining a permit to move the building over the highways cannot make alterations without obtaining a permit from the superintendent of buildings.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 621.*]

2. MUNICIPAL CORPORATIONS (§ 225*)—SALE OF PROPERTY—VALIDITY.

The right of the city of New York to attack the validity of a sale of a building belonging to the city, because not sold at public auction as required by City Charter (Laws 1901, p. 641, c. 466) § 1553, cannot be raised by it on the application of one claiming under the purchaser for a permit to make alterations in the building according to specifications; but such question must be raised by a direct attack, wherein the rights of the purchaser and of the one claiming under him and of the city may be protected.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 225.*]

Appeal from Special Term, Kings County.

In the matter of the application of Calmon Hurwitz for a peremptory writ of mandamus against David F. Moore, as Superintendent of Buildings of the Borough of Brooklyn, City of New York, and another. From an order denying the motion for a peremptory writ, petitioner appeals. Reversed, and motion for a peremptory writ granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

John E. Walker, for appellant.
James D. Bell, for respondents.

MILLER, J. This is an appeal from an order denying a motion for a peremptory writ of mandamus. On the 31st of August, 1908, the comptroller of the city of New York sold to the Empire House Wrecking Company three five-story brick buildings, located in the borough of Brooklyn within the lines of the approach to the new Manhattan Bridge, and received the sum of $1,700 therefor and a deposit of $850 as a security for the performance of the stipulations of the contract of sale and the removal of the buildings in accordance therewith. Subsequently the petitioner purchased of that company all of its rights to two of the houses, and the transfer to him was approved by the comptroller. The petitioner then obtained from the superintendent of highways of the borough of Brooklyn a permit for the removal of said buildings to land owned by the petitioner, and gave a bond in the sum of $3,000 to indemnify the city against any damage or

injury by reason of the removal of said buildings. Thereafter the petitioner applied to the superintendent of buildings of the borough of Brooklyn for permission to make alterations to said buildings in accordance with plans and specifications approved by the tenement house department; and said superintendent declined to pass upon the application, giving as a reason that the borough president had instructed him not to do so. The borough president says that he instructed the superintendent of buildings not to approve the application for two reasons: First, that no application has been made to him in accordance with section 269 of the city ordinances for permission to move said buildings through or across the highways; and, second, that the sale of the buildings by the comptroller to the petitioner's vendor or assignor was void, for the reason that the property was not sold at public auction as required by section 1553 of the charter (Laws 1901, p. 641, c. 466).

The permission of the borough president to move the buildings across the highway and the permission of the superintendent of buildings to make alterations are independent. Neither is a condition precedent to the granting of the other. If the petitioner obtains the permit asked for in this proceeding, he will still have to have the permit of the borough president before he can move the buildings across the highway; and, if he should obtain such permit, he would still have to have the permit of the superintendent of buildings before he could make the proposed alterations. The granting of the one need not affect or embarrass the consideration of the application for the other.

The sole remaining question is: Can the respondent refuse to consider the application because of the illegality of the sale by the comptroller? The right of the city to attack the sale is not now involved. Certainly the city could not keep both the property and the money received on the sale, and it is unnecessary now to determine whether it could disaffirm the sale without first returning, or offering to return, the money. As superintendent of buildings, the respondent has no concern with the question and should not be permitted to raise it collaterally. If it is desirable to question the legality of the sale, it should be done by a direct attack, wherein the rights of the vendee and of the petitioner, as well as those of the city, can be protected.

The order should be reversed, and a peremptory writ granted, requiring the respondent Moore to pass upon the petitioner's application.

Order reversed, with $10 costs and disbursements, and motion for peremptory writ granted, with $10 costs. All concur.