(96 Misc. Rep. 37)

LAKES ISLAND REALTY CO., Inc., v. McDERMOTT, Superintendent of Buildings, et al.

(Supreme Court, Special Term, Kings County. June, 1916.)

1. MUNICIPAL CORPORATIONS ⬅601—POLICE REGULATIONS—POWERS OF OFFICERS—BUILDING PERMITS.

Under Greater New York Charter (Laws 1901, c. 466) §§ 406, 411, prescribing powers and duties of the building superintendent, it is his duty to pass upon the mode and manner of construction and materials to be used in buildings, but he cannot arbitrarily refuse his permit when the plans and specifications filed comply with the law.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1333; Dec. Dig. ⬅601.]

2. MUNICIPAL CORPORATIONS ⬅601—BUILDING REGULATIONS—PERMITS.

The building superintendent cannot refuse a permit to erect a building on the sole ground that another than the applicant claims to be the rightful owner of the land.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1333; Dec. Dig. ⬅601.]

3. MUNICIPAL CORPORATIONS ⬅601—BUILDING PERMITS—POWERS OF OFFICERS.

The building superintendent cannot determine the question of title to land when applied to for his permit to build, but must be bound by the statement in the application.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1333; Dec. Dig. ⬅601.]

4. MUNICIPAL CORPORATIONS ⬅993(1) — BUILDING SUPERINTENDENT — PERMITS—GROUND FOR REFUSAL.

The building superintendent may, in a taxpayer's action, be restrained from issuing his permit if the plans and specifications do not comply with requirements, but title to the property cannot be tried in such a proceeding.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2158; Dec. Dig. ⬅993(1).]

5. INJUNCTION ⬅38—PENDING SUIT—PURPOSES.

Injunction pendente lite cannot be granted to prevent a person in possession of property under claim of title from exercising acts of ownership over it.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 86–90; Dec. Dig. ⬅38.]

6. INJUNCTION ⬅38—PENDING SUIT—PURPOSES.

A court of equity will not, by injunction pending trial, put a party in possession of property held adversely to him under color of title.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 86–90; Dec. Dig. ⬅38.]

7. IMPROVEMENTS ⊜⇒3—ON LAND OF ANOTHER—RIGHT OF PERSON ERECTING BUILDING.

If one claiming land improves it and it is ultimately determined that another is the owner, such other becomes the owner of the improvements.

[Ed. Note.—For other cases, see Improvements, Cent. Dig. §§ 2, 3; Dec. Dig. ⊜⇒3.]

8. INJUNCTION ⊜⇒77(1)—OFFICIAL ACTS—RIGHT TO RELIEF—DAMAGES.

It is an essential to relief by injunction to restrain building superintendent from granting his permit that plaintiff's damages cannot be ascertained or compensated for in money.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 146; Dec. Dig. ⊜⇒77(1).]

9. INJUNCTION ⊜⇒137(2)—PENDING ACTION—RIGHT TO RELIEF—DAMAGES.

No injunction pending a trial should be issued, where the right to it is doubtful, and especially if the damages that would be caused thereby to the defendant would be far greater than those suffered by the plaintiff if the relief was denied.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 307; Dec. Dig. ⊜⇒137(2).]

10. INJUNCTION ⊜⇒137(1)—PENDING ACTION—RIGHT TO RELIEF—DAMAGES.

Injunction pendente lite will not be granted where great public or private loss or mischief will be produced, merely to protect a technical or unsubstantial right.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 307; Dec. Dig. ⊜⇒137(1).]

11. INJUNCTION ⊜⇒137(1)—PENDING ACTION—RIGHT TO RELIEF—DAMAGES.

Injunctions pendente lite, which in effect determine the litigation and give the same relief which it is expected to obtain by the judgment, should be granted with great caution, and only when necessity requires.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 307; Dec. Dig. ⊜⇒137(1).]

12. CHAMPERTY AND MAINTENANCE ⊜⇒7(1)—GRANTS—LANDS HELD ADVERSELY.

Where grantors were not in possession of an island when they deeded it, but others in possession claimed adversely, the deed was absolutely void by specific provision of Real Property Law (Consol. Laws, c. 50) § 260, as amended by Laws 1910, c. 628, even if such grantors had good title.

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 54–56; Dec. Dig. ⊜⇒7(1).]

Injunction by the Lakes Island Realty Company against William J. McDermott, Superintendent of Buildings, and another. On motion for injunction pending trial. Motion denied.

Thomas Garrett, Jr., of New Brighton, for plaintiff.

Lamar Hardy, Corp. Counsel, of New York City (R. Percy Chittenden, of New York City, of counsel), for defendant McDermott.

Lewis & Kelsey, of New York City (Fred'k T. Kelsey, of New York City, of counsel), for defendant By-Products Company.

CROPSEY, J. The action is to enjoin the superintendent of buildings of Richmond borough from issuing building permits to his codefendant, the By-Products Company. The sole basis of the action is the claim that the plaintiff owns the property sought to be built upon by the By-Products Company, and that that company does not own it.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The question now before the court is upon a motion for an injunction pending the trial of the action, granting the very relief sought by the judgment demanded in the complaint.

The plaintiff admittedly is not in possession of the property. That admittedly is in the possession of the defendant By-Products Company, and that company also claims title to the property under recorded deeds. This application and action in no way affect the actual possession of the property. If the plaintiff should be successful and obtain a judgment, it would not put it in possession of the premises the title to which is disputed. All that plaintiff could obtain in this action is an injunction preventing the By-Products Company from building on the property, but that company would be left, as it now is, in possession, and plaintiff might never seek to obtain possession. Whatever may ultimately be held as to the title to the island in question, it is not disputed in these papers that the By-Products Company has at least a color of title acquired in good faith, and is in possession claiming thereunder. The plaintiff claims its title is superior to that of the defendant By-Products Company, but on the matters submitted to the court, it would not be possible so to adjudge. Nor is there any finding that defendant's title is paramount, and as defendant is in possession, it would seem to follow that it should not be prevented from exercising acts of ownership over the property. That in effect is the apparent purpose of this application. It is sought to compel the superintendent of buildings to refuse building permits for which the By-Products Company has applied. One of the plaintiff's grantors had previously obtained a permit to build on the property in question, but no work had been done under that.

[1] The Greater New York Charter (sections 406, 411) prescribes the duties and powers of the superintendent of buildings. He must, subject to the provisions of law and ordinance, pass upon the mode and manner of construction and of materials to be used in buildings. He cannot arbitrarily refuse a permit, nor should he refuse it when the application and plans filed comply with all provisions of law (City of New York v. Stewart Realty Co., 109 App. Div. 702, 96 N. Y. Supp. 513; People ex rel. Swain v. Reville, 50 Misc. Rep. 474, 100 N. Y. Supp. 584; City of Buffalo v. Kellner, 90 Misc. Rep. 407, 416, 153 N. Y. Supp. 472).

[2-6] The building code requires all applications to state the name of the owner. The application in question states the By-Products Company to be the owner. The superintendent cannot refuse a permit merely because some one claims that company is not the rightful owner of the property. The question of title or ownership cannot be determined by the superintendent. He must be bound by the statement in the application. This, in effect, is conceded in plaintiff's memorandum, and it is the law. Matter of Hurwitz v. Moore, 132 App. Div. 29, 116 N. Y. Supp. 248. The cases already cited show that the superintendent can be compelled to grant permits where the applications and plans conform to law. So, also, in a taxpayer's action he may be restrained from issuing a permit when the plans filed do not comply with the requirements (Altschul v. Ludwig, 216 N. Y. 459, 111

N. E. 216), but the title to property cannot be tried and determined in such a proceeding (Matter of Hurwitz v. Moore, supra). Nor can an injunction pendente lite be granted to prevent a person in possession of property under a claim of title from exercising acts of ownership over it. A court of equity will not by injunction pending a trial put a party into possession of property which is held adversely to him under a color of title (T. & B. R. R. Co. v. B., H. T. & W. Ry. Co., 86 N. Y. 107, 123; Black v. Jackson, 177 U. S. 349, 361, 20 Sup. Ct. 648, 44 L. Ed. 801; Bachman v. Harrington, 184 N. Y. 458, 77 N. E. 657). To seriously interfere with and restrict a person's use of property falls under the same rule. Such a restriction will not be imposed by preliminary injunction (Bullard v. Bearrs [Sup.] 3 N. Y. Supp. 683, affirmed 51 Hun, 643, 20 N. Y. Supp. 272; Storm v. Mann, 4 John. Ch. 21); and as the case last cited held that such relief could not be had to prevent waste, it surely cannot be granted here to prevent improvement. The defendant, By-Products Company, intend to expend $300,000 on the buildings for which permits are sought.

On the argument, the court suggested to plaintiff's counsel that the relief sought, involving, as it does, a question of title, and depriving, as it would, the defendant By-Products Company of the use of the property it claims to own and of which it has possession, could not be granted by an injunction pendente lite. Counsel were invited to submit authorities on that point. None has been submitted by plaintiff. The only cases brought to the court's attention are those in which after the trial of an action, a judgment was made prohibiting certain things, but even these cases were brought by the parties in possession of the property, and not by some one who was out of possession.

[7] The plaintiff does not show that it will be damaged if its application is denied. That statement is contained in the moving papers, but it is not borne out. If the defendant improves the land, and it is ultimately determined that the plaintiff is the owner of it, it will become the owner also of the improvements. Copley v. O'Neil, 1 Lans. 214; Thayer v. Wright, 4 Denio, 180.

[8] Nor does plaintiff show that its damage, if there shall be any, cannot be ascertained and compensated for in money. This is another essential to the relief sought (Ringler & Co. v. Mohl, 115 App. Div. 549, 101 N. Y. Supp. 454; Robinson v. Guaranty Trust Co., 51 App. Div. 134, 64 N. Y. Supp. 525).

[9] No injunction pending a trial should be issued, where the right to it is doubtful, and especially if the damages that would be caused thereby to the defendant would be far greater than those suffered by the plaintiff if the relief was denied. Brower v. Williams, 44 App. Div. 337, 340, 60 N. Y. Supp. 716, and cases cited.

[10] Nor will such an injunction be granted where great public or private loss or mischief will be produced, merely to protect a technical or unsubstantial right. Wormser v. Brown, 149 N. Y. 163, 173, 43 N. E. 524, and cases cited.

[11] Injunctions pendente lite—

"which in effect, determine the litigation and give the same relief which it is expected to obtain by the judgment, should be granted with great caution,

and only when necessity requires." Bronk v. Reilly, 50 Hun, 489, 492, 3 N. Y. Supp. 446, 447.

See, also, Maloney v. Katzenstein, 135 App. Div. 224, 226, 120 N. Y. Supp. 418.

[12] In addition to all that has been said, there is a further reason why the plaintiff cannot succeed. This application is based solely upon its claim of ownership to the island in question. Its deed was made on June 12, 1916. At that time, and for some time previously, the By-Products Company and its predecessors in title were in actual physical possession of the property, claiming to own it adversely to the plaintiff and its grantors. The plaintiff's grantors were not in possession when they made the deed. The deed to the plaintiff is consequently void. Section 260, Real Property Law, as amended by chapter 628, Laws 1910; Church v. Schoonmaker, 115 N. Y. 570, 573, 22 N. E. 575; Pearce v. Moore, 114 N. Y. 256, 21 N. E. 419. And even if the fact were that plaintiff's grantors did have a good title and the defendant By-Products Company and its grantors had none, the plaintiff's deed would still be void. Collins v. Buffalo, L. & R. Co., 145 App. Div. 148, 152, 129 N. Y. Supp. 139, and cases cited.

Motion for injunction pending the trial is denied.