SCHULMAN GOLDBERG THEATRICAL CORPORATION and Another, Plaintiffs, *v.* HARRY KATZ and Others, Defendants.

Supreme Court, New York County, March 10, 1926.

Landlord and tenant — option agreement — tenants gave landlord writing not under seal by which in consideration of one dollar, landlord was given option for purchase of lease — said writing is not irrevocable option agreement — letter by which landlord claims he accepted offer does not constitute acceptance — purchasers of option, in action for specific performance, are not entitled to injunction restraining tenants' assignee from interfering with demolition of building — plaintiffs do not come into equity with clean hands.

An alleged option agreement not under seal and reciting a nominal consideration of one dollar given by tenants to their landlord by which they agreed to sell their lease for a specified sum of money and " to hereby give the said landlord the option for the purchase " of the lease for a period of three months from the date of the writing is not an irrevocable option agreement, but is a mere offer and the recital of the receipt of one dollar as the consideration of its execution is open to proof.

Nor was the letter which the landlord claimed he wrote the tenants, as to which there is some doubt, containing an acceptance of the offer, binding on the tenants or their assignee, for the reason that it was not accompanied with an actual payment of the amount of money specified in the writing; the " option " was an offer for an act and not an offer for a promise.

Consequently plaintiffs, purchasers of the premises and of the alleged option agreement, in an action for specific performance, are not entitled to a temporary injunction restraining the tenants or their assignee from interfering with the demolition of a building on the premises. To grant a preliminary injunction would anticipate the substance of the final judgment asked for.

Moreover, plaintiffs are not entitled to relief, for they do not come into equity with clean hands, since to grant relief would aid the plaintiffs in violating a restrictive covenant made with one of the tenants.

APPLICATION for temporary injunction restraining defendants from interfering with plaintiff's demolition of certain premises.

*Max D. Steuer*, for the plaintiffs.

*Goldstein & Goldstein* [*Arthur Ofner* of counsel], for the defendant .

*David Haar*, for Philip Schechter.

BIJUR, J. This is an application for an injunction *pendente lite* restraining defendants and all persons claiming under them from interfering in any manner with plaintiff's demolition of certain

premises in the city of New York. Although couched in these words, the actual relief sought by the plaintiff is the removal of the defendant Harry Katz or his assignee from a part of the premises. Katz's occupancy resulted from the following circumstances: Prior to December 10, 1925, Granick and Berman were lessees under Heller, the owner of the fee. On that day Berman and Granick gave Heller a paper not under seal reading, so far as material: " In consideration of the sum of one dollar, receipt being duly acknowledged, we agree to sell our lease . * * * " to Heller " for the cash sum of $21,125, and we further agree to hereby give the said landlord [Heller] an option for purchase of the above mentioned lease for a period of three months from date." On January 6, 1926, Granick and his wife formally assigned to defendant Katz the lease as well as the restaurant business to which it was appurtenant. On December 17, 1925, Heller claims to have sent to Berman and Granick a letter, the material part of which said: " Please take notice that I hereby exercise and accept the option and offer to purchase the lease held by you * * * in accordance with the terms and provisions of a certain option agreement * * * and all conditions on my part to be performed will be complied with if you will please arrange to be present at the office of my attorneys * * * on January 20, 1926, at 11 A. M. Please be advised that I have sold this property subject to your option, and it is important that you be present at the time of the closing so that the money can be paid over to you and the papers executed by you." Plaintiff building company, on behalf of plaintiff theatrical company, became the owner of the fee and of the option, and on January twenty-seventh tendered to Granick the amount of the purchase price mentioned in the option; he refused the same. The complaint asks that the rights of the plaintiffs under the option agreement of December 10, 1925, and the several assignments thereof be declared to be superior to the rights of the defendants in the leased premises and that the appropriate defendants be directed to specifically perform the option agreement and to execute the necessary papers and be enjoined from interfering with the demolition of the building, etc. The building company has agreed to turn the property over for operation as a theatre to the theatrical corporation on or before October first next. It will be observed that whatever the form of the prayer for relief in the complaint and on the present motion respectively, the effect of the granting of either will be to remove the defendant tenant from the premises, and thus the granting of the preliminary injunction will be anticipating the substance of the final judgment prayed for. Of this class of case it has been said by the Court of Appeals (per

CULLEN, Ch. J.) in *Bachman* v. *Harrington* (184 N. Y. 458): " Therefore, where the complainant presents a case showing or tending to show that affirmative action by the defendant, of a temporary character, is necessary to preserve the status of the parties, then a mandatory injunction may be granted. But if there be neither proof nor allegation to that effect and the act sought to be enforced is not continuous in its character, but solely the one sought to be decreed by final judgment, then the issuing of a preliminary mandatory injunction is without authority." To the same effect, *Moller* v. *Lincoln Safe Deposit Co.* (174 App. Div. 458); *Koenig* v. *Eagle Waist Co.* (176 id. 726); *Twenty-fifth Street Realty Co.* v. *Wachtel* (193 id. 76); *Lakes Island Realty Co., Inc.,* v. *McDermott* (96 Misc. 37, 40). Even if this ruling is not to be accepted literally, but be interpreted in a liberal spirit to the effect that in an exceptional and extraordinary case, as, for example, where the facts are undisputed and the questions of law involved simple and readily determined, such a preliminary mandatory injunction might issue, then this is not such a case. The first question which arises is whether the so-called option is irrevocable or is a mere offer. It would be irrevocable if it were granted for a consideration. Since the option is not under seal, the recital of the receipt of a dollar as consideration for its execution is open to question in the broadest sense. (See, generally, 1 Williston Cont. §§ 115-a, 115-b.) The recital is not more than the equivalent of an ordinary receipt without contractual intent or effect. (Williston Cont. *supra;* also *Komp* v. *Raymond,* 175 N. Y. 102; *Fargis* v. *Walton,* 107 id. 398, 401; *Presbyterian Church* v. *Cooper,* 112 id. 517.) The recital that it was given " in consideration of one dollar " is traversed by the defendants, and although sought to be sustained by some of plaintiffs' affidavits, a very serious question of fact is thus raised. Plaintiff undertakes, however, to support its position further by maintaining that, even if there were no consideration and the " option " be construed as a mere offer, then it had been " accepted " and the option thereby made binding by the letter of December seventeenth. As to this argument it may be said, first, that the defendant affected denies receipt of any such letter, and there are circumstances which suggest doubt as to its authenticity. Another vital question of fact is thus raised. Moreover, a serious question of law arises in this respect, namely, whether the offer is one that can be " accepted " and thus made binding by a mere promise or whether it does not require an actual payment to make it effective. In other words, defendant's contention, in which I agree, is that the " option " was an offer for an act and not an offer for a promise. (See *Schaefer* v. *Thompson,* 237 N. Y. 55;

*Chicago & G. E. R. R. Co.* v. *Dane,* 43 id. 240; *Pomeroy* v. *Newell, No. 2,* 117 App. Div. 800; 1 Williston Cont. §§ 73–75.) Plaintiff makes some minor contentions, as for example, that the offer contained in the option was good until revoked in writing, and also that such revocation should be as direct and explicit as the offer. There is no doubt that plaintiffs were fully apprised of the fact that the lease had actually been sold before they undertook to make any tender, and had, therefore, actual notice that the option was no longer effective. I have no doubt that this was the legal equivalent of formal revocation. The chief authority cited for plaintiffs' position, namely, 1 Williston on Contracts (§ 56), certainly does not sustain it, while section 57 expresses the opposite view. (See, also, *Dittenfass* v. *Horsley,* 177 App. Div. 143, 147; affd., 224 N. Y. 560.) It is urged also that the transfer of the lease by Granick to defendant Katz conveyed no title thereto because the lease had been made to Berman and Granick. Without considering other facts, it suffices to say that Berman by accepting his share of the price, with full knowledge of the facts, ratified the transfer. It is urged also that the assignment of the lease was forbidden by the terms of the lease itself. To this it must be said that a reading of the entire instrument, including particularly the 21st clause thereof, indicates that the forbiddance of a transfer was seriously qualified, if not voided thereby. Moreover, the landlord when apprised of the assignment evidently made no objection thereto. Defendants, on the other hand, urge that, regardless of any other consideration, plaintiffs are not entitled to relief because they do not come into equity with clean hands. It appears that Goldberg, whose name forms part of the title of the plaintiff theatrical corporation, had some time previously to the transactions hereinabove discussed transferred to defendant Katz and two associates another theatrical enterprise for a very substantial sum and for agreements of great value to Goldberg. As part of the same transfer he had covenanted that he would not individually, directly or indirectly, interest himself in the Jewish theatrical business in portions of the city in which the building now in litigation is situated. He concedes a half interest in the plaintiff theatrical corporation, and his associate Schulman admits that he knew of the restrictive covenant when he engaged in the enterprise. The excuse of both for violating the same is some vague statement that it was abrogated in some indefinite way, as to which Schulman had merely the say-so of Goldberg. Katz and his associates flatly deny any abrogation, and it is clear that they are right. Under these circumstances to grant the relief sought would be to assist plaintiff in an enterprise which it has always known to be in direct violation of a covenant made

for defendant Katz's benefit and protection in the very situation disclosed. The fraility of plaintiffs' position, therefore, is apparent, even when tested by the limitation so picturesquely described in *Ansley* v. *Wilson* (50 Ga. 418, 422): " The dirt upon his hands must be his bad conduct *in the transaction complained of* " (the italics are the court's). I am assuming that defendants' attitude might under ordinary circumstances be regarded as unfair or even unconscionable, but in view of the facts as developed, that question becomes at least debatable, and at all events immaterial.

Motion denied, with ten dollars costs.