PEOPLE ex rel. MILLIE M. C. BENEDICT and Others, Relators, *v.* JERE MILLEMAN and Others, Respondents. ·

Supreme Court, Westchester County, October 5, 1926.

Municipal corporations — zoning ordinance — zoning ordinance of city of New Rochelle recites board of appeals may grant permit for storage of automobiles of those " who have a permanent residence " in tenement houses or hotels " located " in residential district — evidence shows no tenement house is located on premises but that third party executed land contract providing buyer should apply to board of appeals for approval of plan for garages in cellar of apartment house — said third party was stranger to title of premises and his location of apartment house on plot is merely contingent — ordinance contemplates absolute location of structure — board of appeals had no jurisdiction to approve plan for garages.

The board of appeals of the city of New Rochelle had·no jurisdiction to approve the blueprint plan of a six-story apartment house, to be erected in a residential district of said city, showing the location of garages in the cellar thereof, under a provision of the zoning ordinance of said city which allows said board to grant permits for the storage on the same lot of automobiles of those having a permanent residence in hotels or tenement houses located in a residential district, since within the purview of the ordinance which contemplates an absolute location, the owner of said premises has not located a tenement house on the plot.

The fact that a third party executed a land contract, to which the owner of the premises was not a party, reciting that the buyer should make application to the board of appeals of the city of New Rochelle for the approval of a plan for garages in the cellar of an apartment house, did not constitute an absolute designation of the location of an apartment house on the plot in question, but was merely a contingent location.

CERTIORARI against the board of appeals on zoning of the city of New Rochelle.

*Hamilton McInnes,* for the relators.

*Charles A. Van Auken, Corporation Counsel,* for the respondents.

TAYLOR, J.   Upon the return of the respondents and the evidence taken before me (General City Law, § 82, subd. 4, as added by Laws of 1920, ch. 743), I determine that no tenement house is " located " upon the property of Lillian Casey, within the meaning of the 2d paragraph of section 7, article 2, of the Zoning Ordinance of New Rochelle, which provides, in a residential district, for the storage of automobiles owned by those having a permanent residence in a tenement house.   Said portion of the ordinance reads as follows: " Where hotels or tenement houses are located, provision may be made upon the same lot where such hotel or tenement is located,

for the storage of automobiles for those who have a permanent residence in such hotel or tenement house, after public notice and hearing and after obtaining permission from the board of appeals."

The jurisdiction of the board, therefore, to grant such permission depends upon the fact of a tenement house being " located " on a given lot. The dictionary definitions of " locate," as far as they apply to the situation here presented, are: (a) " To establish in a particular situation or spot; " and (b) " to designate and assign the place of."

Within the first definition it is not debatable that no tenement house is " located " upon the lot in question; for, concededly, none has as yet been erected there. As to the second definition, the respondents claim that a tenement house has been " located " there, because the premises in question constitute the place therefor which has been " designated and assigned." The undisputed facts are (a) that Lillian Casey owns the premises; (b) that she has no intention personally of erecting a tenement house thereon; (c) that one George Casey has signed a contract under seal, to which Lillian Casey is not a party, and which, therefore, is legally unenforcible against her (*Crowley* v. *Lewis*, 239 N. Y. 264), to sell the property to one Sinderband. Said contract, *inter alia*, provides, in effect, that the buyer shall make application to the board of appeals for the approval of garages in the cellar of a plan of a six-story apartment house, which plan is recited as being filed with the building department. The buyer, through certain architects, did make such application in the name of Lillian Casey. The contract further provides that " If said plan with such garages in cellar or on premises is not approved before August 15, 1926, the buyer may cancel this contract."

No regular plans had been filed with the building inspector or board of appeals, and no application for a permit to build had been filed with said inspector at the time of respondents' determination now under review, although it is true that a blueprint or sketch indicating the proposed garages had been filed with both inspector and the respondents. I think it is clear that Lillian Casey, the owner, has not " located " a tenement house on the plot, within the purview of the ordinance, and as far as the vendee mentioned in the contract with George Casey is concerned, who is clearly a stranger to the title, in view of the terms of the contract of sale, I think it clearly appears that such buyer has not absolutely " designated and assigned " the place of a tenement house on the plot in question. The buyer who has no title and no enforcible contract to obtain one — intends at most to build only in the event that approval of the cellar garages is had by the board of

appeals. His " location " of a tenement house on the plot, therefore, is not absolute, but a contingent location.

An absolute location is contemplated by the ordinance. I think and determine that the ordinance contemplates as a jurisdictional prerequisite of the action of the board of appeals (1) a tenement house actually " located," by being in existence on a given plot, at the time of the application to the board of appeals for such permission; or (2) a tenement house " located " thereon by reason of the place thereof, in this case the plot in question, being designated and assigned absolutely, and not contingently, by one who is not (as the vendee in the George Casey contract is) a stranger to the title.

Undoubtedly, such last-mentioned " location," under the terms of the ordinance, may be accomplished by an application for a permit filed with the building inspector, together with regular plans complying with all present legal requirements (except in so far as they may show garages in the cellar). When such an application for a permit and such regular plans have been filed, there will be a " location " of the tenement house within the purview of the ordinance. Clearly a buyer, in the position of the one on whose behalf the application to the respondents was filed, cannot effectually " designate and assign " Lillian Casey's property as a place where an apartment house shall be erected, and thereby " locate " an apartment house thereon.

In making the determination about to be made, I have assumed that the ordinance above quoted is valid. Assuming it to be valid, I determine that the respondents, upon the facts before them, had no jurisdiction to make the determination here reviewed. (Civ. Prac. Act, § 1304, subd. 1.) I also state that I have not overlooked those cases which hold, in effect, that it is no concern of a building inspector whether the person named as owner in a given application for a permit is the true owner. (See *Matter of Hurwitz* v. *Moore*, 132 App. Div. 29; *Lakes Island Realty Co.* v. *McDermott*, 96 Misc. 37, 39.) These cases have no application to the situation here presented, which involves the " location " of a tenement house within the purview of the ordinance quoted. It is unnecessary to discuss the other objections raised by the petitioners to the validity of the determination of the respondents.

The determination of the respondents is reversed. No costs. Settle order on notice.