In the Matter of the Application of ALMA R. CURTIN, Petitioner, for an Order of Mandamus against WILLIAM F. DEEGAN, Tenement House Commissioner, and SPALLONE-CIAMPI CORPORATION, Intervenor, Respondents.

Supreme Court, Bronx County, May 20, 1930.

*Jacob Broches Aronoff*, for the petitioner.

*Arthur J. W. Hilly*, *Corporation Counsel*, for the respondent.

*McLaughlin, Levin & Spallone*, for intervening respondent.

HAMMER, J. This motion is denied. Petitioner has no interest in the property in question, but is the owner of adjoining property. Respondent Deegan, as tenement house commissioner, may not raise such an issue. It can be raised only by those asserting right of possession or title therein. All such agree that respondent Spallone-Ciampi Corporation is the owner and had the right to file the plans in question. Under the circumstances the application and plans were properly and seasonably filed. This is the main ground of reliance of petitioner for the relief sought herein. It is asserted in addition that public interest as a citizen and taxpayer supports petitioner's claim of right to bring the proceeding. No violation of law or failure to comply therewith is shown. Assuming, however, non-compliance of the application or plans with the appropriate statutes, any grievance should be rectified by action within the tenement house department, and if the decision is erroneous, by an appropriate appeal from the same. Questions of title and ownership may be raised only in actions wherein they are the direct issues. (*Lakes Island Realty Co., Inc.*, v. *McDermott*, 96 Misc. 37.) In *Matter of Hurwitz* v. *Moore* (132 App. Div. 29) it was held that the building superintendent must consider and pass upon an application for building permit, even where he and the borough president questioned the applicant's title, asserting it was defective and that the city of New York owned the property. It was there decided that the question of title could be raised only in a direct action with proper parties and not in a collateral matter.

Order signed.