GEORGE P. STAMPP and Another, Plaintiffs, *v.* BOARD OF SUPER-
VISORS OF CAYUGA COUNTY and Another, Defendants.

Supreme Court, Cayuga County, August 13, 1931.

*A. J. & F. A. Parker,* for George P. Stampp and another.

*Frederick B. Wills, County Attorney,* for the board of supervisors.

KENYON, J.   The plaintiffs in this action by their complaint set forth that they are the owners of a farm situated in the town of. Ira, Cayuga county, N. Y., along the north side of which runs a high-way, laid out and established for many years; that the board of supervisors, of the county of Cayuga and State of New York, adopted a resolution designating a road to be run over this highway on the north side of plaintiffs' land; further, that they caused the defendant J. Charles Dayton, superintendent of highways of Cayuga county, to survey and lay out a county road over said road; that said highway is to be sixteen feet wide; that the farm and lands of one Charles Dedrick lie north of said designated highway and opposite to the plaintiffs' property; that the said J. Charles Dayton, in laying out said highway, diverged from the center of the highway running between the lands of the plaintiffs and Charles Dedrick, and ran the proposed improved part of the highway so close to the south side of said road and so close to the edge of the old and established

highway that in cutting down the bank in building the gutter it will injure large shade trees that stand upon the premises of the plaintiffs, and probably destroy them; that farther to the east, following the proposed improved part of the highway as laid out by the defendant J. Charles Dayton, the proposed improved road runs so close to the plaintiffs' barn as to interfere with a driveway from the highway into the barn; that the road could be constructed in a manner which would not materially injure the trees of the plaintiffs or interfere with the entrance to plaintiffs' barn; that, if the defendants are allowed to construct the new proposed improved road as it now is laid out, the plaintiffs' property will be seriously and materially injured, their driveway into the barn seriously injured, and the shade trees perhaps killed, or at least seriously injured. Plaintiffs ask that the defendants be restrained and enjoined from building the proposed county road so near to their trees as to injure them and from interference with the entrance to their barn.

On or about the 10th day of July, 1931, plaintiffs obtained an order to show cause from the Cayuga county judge asking that the defendants show cause why they should not be enjoined during the pendency of this action from constructing the proposed new highway so near to the edge of the old and established highway as to injure the trees standing in front of plaintiffs' premises and the driveway or entrance to plaintiffs' barn.

This show cause order went so far as in an *ex parte* application to enjoin the defendants from proceeding with the construction of said proposed highway pending the return of the show cause order.

Pending the return of the order to show cause, the defendants, the board of supervisors of the county of Cayuga and J. Charles Dayton, county superintendent of highways of Cayuga county, noticed a motion returnable at the Special Term of the Supreme Court held in the city of Auburn, Cayuga county, N. Y., on the 25th day of July, 1931, for an order dismissing the complaint herein upon the grounds that it appears on the face of the complaint that it does not state facts sufficient to constitute a cause of action.

The court is, therefore, confronted with two questions: *First*, does the complaint state facts sufficient to constitute a cause of action; *second*, should an injunction *pendente lite* be granted restraining the defendants from constructing the proposed highway? The two questions may be considered together. The determination of one is the answer to the other. The sufficiency of the complaint must be determined upon its face, and not upon affidavits.

Upon the hearing before the court on the return date of the order to show cause, it appears the facts do not bear out in its entirety the allegations of the complaint. It developed that the

proposed highway is to be constructed entirely within the boundaries of the highway as it has been maintained over a great period of years; this is conceded by the complaint; that the center of the proposed highway is two feet north of the roadway as it now exists, and has existed for years; that the center of the proposed highway in front of plaintiffs' house runs nearer to the Dedrick house by two and one-half feet than it does to the plaintiffs' house, and proceeding down the road is nearer by fifteen feet to the Dedrick barn than it is to the plaintiffs' barn; that the plaintiffs do not even now, and have not for about fifteen years, occupied the premises abutting on the proposed new highway; that the shrubbery has been permitted to grow up in the yard, making the house obscure from the highway except at certain angles; that the trees in question have not been trimmed, but have been permitted to grow at random, hanging over the original designated right of way of the highway; that at a point in front of, or nearly in front of, the residence of the plaintiffs the road turns to the right, making an angle; and that, if the defendants were compelled to construct the proposed highway farther north, this angle would be increased.

It further appears that the county superintendent, in laying out the route of said proposed highway as it passes in front of the plaintiffs' house, had in mind the straightening of the curve at that point in order to improve the grade and provide for a proper and easier approach to a hill lying to the east of the locality in question; that the grade of the proposed highway will be higher in front of the barn than at present, which will be a distinct advantage rather than a disadvantage or damage to the plaintiffs' entrance to their barn; that the locust trees spoken of in the complaint are outside of the line of the ditch of the proposed road, and are outside of the established right of way as it has existed for years; that this road is being built as one of the projects duly authorized for county road construction by the Cayuga county board of supervisors, duly approved by the State Highway Department, and designated as the Grout road on route No. 41-A on the county system map of Cayuga county, and constitutes a connecting link between State road No. 684 leading from Meridian to Plainville and the Lysander section; that the construction is under the direction of the defendant, J. Charles Dayton, county superintendent of highways, pursuant to the authority vested in him by section 320-b of the Highway Law (added by Laws of 1929, chap. 362, as amd. by Laws of 1930, chap. 770).

It also further appears that this road is the connecting link between the two routes above referred to, and that the residents along this proposed road are being severely damaged by the delay in construction, and that the purpose of this connecting link is to

serve the general public together with the residents residing along the route of the proposed highway.

By reason of these facts, therefore, the construction and maintenance of this road will be a great public convenience inuring to the benefit of the residents upon the line and to the benefit of the general public desiring to pass from one route to the other.

It further appears that the plaintiffs do not, and have not, for about fifteen years resided upon the premises in question; that they have permitted the farm buildings to become in a dilapidated and uninhabitable condition. Pictures introduced at the time of the hearing reveal that part of the porch roof is falling, and that there are broken window lights in the house. The yard is very largely full of undergrowth. It appears by affidavit that only a small portion of said farm is under cultivation. There is a small plot of corn. The rest of the farm which appears to be under cultivation at all is in hay, none of which apparently had been cut up to July 20, 1931.

By the conceded facts, the grade of the proposed highway as it passes the barn is higher than the road at the present time. Therefore, the building of the road will inure to the benefit of the plaintiffs in entering their barn, rather than damage. In so far as that is complained of, there exists no cause of action, and that portion of the complaint cannot survive.

Whether an injunction *pendente lite* should be granted depends upon whether plaintiffs in their complaint set forth facts sufficient to constitute a cause of action.

To secure a temporary injunction, the complaint (1) must make out a case of irreparable injury, and (2) must show that there is no adequate remedy at law.

In *Brass* v. *Rathbone* (153 N. Y. 435, at p. 442) the doctrine was laid down that " The mere allegation of great or irreparable injury apprehended or threatened, which is not supported by facts or circumstances tending to justify it, is clearly insufficient. Therefore, the complaint does not show that the plaintiffs were entitled to relief by injunction." (*McHenry* v. *Jewett*, 90 N. Y. 58.)

Plaintiffs' complaint does not state that the plaintiffs by reason of the proposed action of the defendants will suffer irreparable harm.

In folio 4 of the complaint appears the allegation: " That the said trees are in front of the plaintiffs' house and have been shade trees along said highway for many years." Removing shade from the highway should hardly be complained of by a private individual as damage to him. If it is shade to the dwelling, then we are confronted with the fact the dwelling has not been used in about fifteen years, is, or is fast becoming, uninhabitable. The previous interest of the plaintiffs has been insufficient to cause them to cut the

underbrush. Such showing would not seem to outweigh the rights of the general public to have a speedy construction of a well-built, well-laid-out, well-graded highway.

Preliminary injunctions are granted with caution. (*Haight* v. *New York Elevated Ry. Co.*, 49 How. Pr. 20.)

The general rule is that an injunction *pendente lite* will be refused where it will do greater damage or create greater injury to the defendant to grant it than to the plaintiff to refuse it. An injunction will not be granted where great public or private loss or mischief will be produced, merely to protect a technical or unsubstantial right. In exercising the discretion committed to it, the court should consider the injury which may be caused to either or both parties, and in particular the welfare of the public. (*Lakes Island Realty Co.* v. *McDermott*, 96 Misc. 37, at p. 41; *Brower* v. *Williams*, 44 App. Div. 337, at p. 340; *Wormser* v. *Brown*, 149 N. Y. 163, at p. 173; *Floyd-Jones* v. *United Electric Light Co.*, 55 Misc. 529, 530.)

Unquestionably the building of this highway is for a public use; therefore, the question of necessity and expediency is not judicial. (*County of Jefferson* v. *Horbiger*, 229 App. Div. 381, at p. 383; *Matter of Public Service Commission for First District of State of New York*, 217 N. Y. 61; *People* v. *Adirondack Railroad Co.*, 160 id. 225; *Matter of City of Utica*, 134 Misc. 60.)

We will then turn to the question whether plaintiffs have set up a cause of action entitling them to damages.

At common law, and by the laws of the State of New York, adjacent owners cannot recover for injuries arising from a change of grade of a road. Plaintiffs' complaint sets forth that, as the proposed highway is laid out, the cutting away of the bank to form the gutter (3d paragraph) will cut down the bank on which said trees stand so close to the said trees as to injure them and probably destroy them. Consequently the complaint of the plaintiffs is a complaint against a change of grade.

In *Smith* v. *Boston & A. R. Co.* (181 N. Y. 132, 136) the court said: " It is settled law in this state that the owner of property abutting upon a highway which is graded or changed by the public authorities has no right of action against the town or municipality unless such right is given by some express statute." Citing the case of *Sauer* v. *City of New York* (180 N. Y. 27), where the original street was elevated fifty feet above the original level. Damages to adjoining owners was called " *damnum absque injuria.*"

" The right of an abutting owner to ingress and egress to and from his premises to the highway is a continuing easement running with the land, which may be acquired for a public use when

necessary. At common law the damages to the easements of an abutting owner, made by a change of grade in a public highway for the convenience and safety of the public traveling thereon, in the absence of legislative enactment providing a remedy, are *damnum absque injuria*, and no right of action exists therefor." (*Smith* v. *Boston & A. R. Co., supra*, p. 141.)

A summary of the laws of the State of New York on this question is given by Justice UNTERMYER in *West One Hundred & Fifty-eighth Street Garage Corporation* v. *Fullen* (139 Misc. 245, 249 [Feb. 1931]):

" It must be regarded as settled law in this State that a change in the grade of a public street for the use of the public made pursuant to lawful authority does not constitute a taking of property within the meaning of the Constitution and that the abutting owner, in the absence of statute, has no legal redress for any consequential injury no matter how serious it may be. (*Sauer* v. *City of New York*, 180 N. Y. 27; affd., 206 U. S. 536; *Talbot* v. *New York & Harlem R. R. Co.*, 151 N. Y. 155; *Smith* v. *Boston & Albany R. R. Co.*, 181 id. 132; *Radcliff's Executors* v. *Mayor, etc., of Brooklyn*, 4 id. 195.) It is only when the proper use of the highway is subverted by the erection of an obstruction intended for the exclusive use of a private individual or corporation that any right of the abutting owner is invaded. (*Story* v. *New York Elevated R. R. Co.*, 90 N. Y. 122; *Lahr* v. *Metropolitan Elevated R. Co.*, 104 id. 268; *Kane* v. *New York Elevated R. R. Co.*, 125 id. 164; *Reining* v. *New York, L. & W. R. Co.*, 128 id. 157; *American Bank-Note Co.* v. *N. Y. Elevated R. R. Co.*, 129 id. 252.) * * *

" It is clear that under the law of New York an owner of land abutting on the street has easements of access, light and air as against the erection of an elevated roadway by or for a private corporation for its own exclusive purposes, but that he has no such easements as against the public use of the streets, or any structures which may be erected upon the street to subserve and promote that public use."

Recalling that the proposed highway is being constructed entirely within the lands of the original right of way, it would seem that the above authorities conclusively dispose of the question of the plaintiffs' right to damages. The highway was laid out pursuant to legislative enactment by a proper official within the comprehension of that act; the rights of the general traveling public exceed the private rights of the plaintiffs.

For these reasons, together with all the conclusions set forth in this decision, it is the opinion of the court that the application for an injunction *pendente lite* must be denied and that the motion made by the defendants for a dismissal of the complaint should prevail, with ten dollars costs. An order may be entered to that effect.