## LARNED v. JENKINS.

### (Circuit Court of Appeals, Eighth Circuit.   March 3, 1902.)

### No. 1,411.

1. MINING CLAIM—LOCATOR ABANDONS RIGHTS BEYOND LOCATION.

   One who discovers and locates a lode mining claim under the act of 1866 thereby renounces and abandons all rights and privileges to follow his lode on its course beyond the exterior lines of his patented claim, when he locates it upon the surface of the ground, enters it, and accepts a patent for it under the law.

2. SAME—LOCATOR CANNOT FOLLOW VEIN BEYOND HIS BOUNDARIES ON ITS STRIKE.

   The act of July 26, 1866, does not grant to the patentee of a lode mining claim the right to follow on its strike his vein, with its dips, angles, and variations, beyond the boundaries of his location. It permits him to follow it beyond those boundaries on its dip or descending course only.

3. PATENT—TOWN SITE—EXCEPTION OF MINE.

   It is mines known to exist at the time a town-site patent is issued, and those only, that are excepted from its grant by section 2392 of the Revised Statutes.

4. TOWN SITE—DEED OF CITY AUTHORITIES IMPERVIOUS TO COLLATERAL ATTACK.

   The deed of the city authorities authorized to convey lots in a town site is presumptively valid, and it cannot be collaterally assailed in an action at law for a failure of the authorities to require the preliminaries or perform the requirements antecedent to its execution.

5. ESTOPPEL—ADVERSE CLAIM CREATES NONE AGAINST EJECTMENT BASED ON PRIOR TITLE.

   An action of ejectment based upon a patent issued prior to the initiation by the defendant of a mining claim for which he has applied for a patent is not inconsistent with a claim adverse to that application, under section 2326 of the Revised Statutes, and such adverse claim does not estop the plaintiff from maintaining his action.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Colorado.

See 109 Fed. 100.

This is an action of ejectment. The court below rendered a judgment for the plaintiff on a demurrer to the answer of the defendant. The writ of error challenges this judgment. The property in controversy is an irregular tract of land adjoining the Cook lode mining claim on the north, and it has a length of 357 feet on one side and 283 feet on the other, and a width of 25 feet on one end and 101 feet on the other, measured upon the diagonal lines which form its ends. This tract of land was patented to the city of Central on July 10, 1876, as a part of its town site, was subsequently vested in its successor, the city of Blackhawk, and that city on September 9, 1897, conveyed it to the plaintiff, John C. Jenkins. He set forth this chain of title in his complaint, alleged that the defendant had wrongfully entered upon the premises; that this action was brought in support of an adverse claim filed in the land office against the entry of this land by the defendant, William Larned; that he had disbursed $30 for plats, abstracts, and copies of papers, and $50 for a counsel fee, in preparing his adverse claim; and he demanded judgment for the possession of the premises, $1,000 damages, and $80 expended in support of the adverse claim. The answer of the defendant is voluminous, but, so far as it relates to any errors assigned in the action of the court below, this is the state of facts which it presents: The patent to the town site and the conveyance under which the plaintiff claims were made as he alleges. On October 8, 1870, a patent was issued to the Cook

lode, which grants a territory 790 feet in length by 50 feet in width, adjoining the tract here in dispute on the south. The Cook vein for the distance of about 120 feet deflects on its strike from the north side line of the Cook mining claim into the tract of land here in controversy, but the deflection of the apex from the north line of the Cook claim does not exceed 7 or 8 feet, and the dip of the vein is at all points slightly to the south, so that where it is deflected from the Cook claim it enters it on its dip 15 or 20 feet below the surface of the ground. Six shafts were sunk, which exposed this vein within the patented territory of the Cook mining claim, and there was a well-known mine thereon before the patent of the disputed territory to the city of Central was issued. This disputed territory was mineral land of great value, and known to be of great value, and there was in fact a mine of gold-bearing quartz, whose top or apex was partly within and partly without this tract, when the patent to the city of Central was issued. In the year 1871 the patentee of the Cook lode mining claim conveyed it to the defendant. On June 7, 1897, one William Rogers discovered a vein of gold on the tract of land in controversy, located a mining claim thereon, called the "Cook No. 2 Lode," applied to the city of Blackhawk to be allowed to purchase the land before the deed therefor was issued to the plaintiff, and on July 14, 1897, conveyed this mining claim to the defendant. The defendant thus holds a deed from the grantee of the Cook lode mining claim, patented in 1870, and another from the locator of the Cook No. 2 lode mining claim, which was located in June, 1897. The court below held that the town-site patent and the deed under it to the plaintiff must prevail over the title which the defendant pleaded, and this is the ruling which is challenged as error.

Willard Teller and Harper M. Orahood, for plaintiff in error.

Jacob Fillius and R. S. Morrison, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The title of the defendant in error Jenkins consists of a patent to the city of Central, and a regular conveyance from its successor, the city of Blackhawk, to himself. On its face this title is regular and sufficient. Counsel for the plaintiff in error assail it on the grounds (1) that the patent to the city of Central was void and ineffectual to convey this property, because it was reserved from conveyance as a part of a town site, under sections 2386, 2392, Rev. St.; and (2) because the conveyance from the city of Blackhawk was made to Jenkins while Rogers, the grantor of the plaintiff in error, was in possession of the property, and entitled to the deed from the city.

The provisions of sections 2386 and 2392 relevant to this issue are that "where mineral veins are possessed, which possession is recognized by local authority, and to the extent so possessed and recognized, the title to town lots to be acquired shall be subject to such recognized possession and the necessary use thereof," and that "no title shall be acquired under the foregoing provisions of this chapter to any mine of gold, silver, cinnabar or copper; or to any valid mining claim or possession held under existing laws."

Prior to the issue of the patent to the town site the grantor of the plaintiff in error had located his claim to the Cook lode upon a tract of land 790 feet long and 50 feet wide, had marked the exterior boundaries of this claim, had entered it and received a patent for it. These acts constituted a notice to the government and to the public

that he was the owner of all the exclusive rights and privileges in this tract of land, and in the lode or vein therein, granted by the act of July 26, 1866, under which he located and entered the land. But it was also a notice, and a legal notice, to the government and to the public that he renounced and abandoned all other rights and privileges pertaining to the discovery of his lode which he did not secure by his patent. When he had discovered his vein, he had the right to locate it, in conformity with the local laws, customs, and rules of miners, upon that portion of this vein which is within the tract conveyed to the city of Central. Until he made his location he was entitled to follow the course of the vein. He chose to locate his claim and to take his patent upon a tract which excluded that portion of the lode within the territory now in dispute. His grantee now asks to renounce this location, and the limitations of the law and of the patent upon which it is based, and to follow the lode wherever it leads, as the discoverer might have done before he located and marked the boundaries of his claim. The action of his grantor has forever estopped him from pursuing this course. A discoverer of a vein cannot be permitted to locate his claim, present his diagram, and obtain a grant for the lode and the land he claims, and then disregard the limitations of the grant and follow the lode without his location wherever it happens to lead. One who discovers and locates a lode mining claim under the act of 1866 thereby renounces and abandons all rights and privileges to follow his lode on its course beyond the exterior lines of his patented claim, when he locates it upon the surface of the ground, enters it, and accepts a patent for it under the law. Mining Co. v. Old, 79 Fed. 598, 606, 25 C. C. A. 116, 124, 49 U. S. App. 201, 213, 214; Wolfley v. Mining Co., 4 Colo. 112, 116; Mining Co. v. Rogers, 8 Colo. 34, 38, 5 Pac. 661.

The position of counsel for plaintiff in error, that because the act of 1866 permits the discoverer of a lode to receive a patent therefor, "granting such mine together with the right to follow such vein or lode with its dips, angles and variations to any depth although it may enter the land adjoining," the locator has the right to follow the lode on its strike beyond the boundaries of his location, is not tenable. It is only in its descending course that he may follow its dips, angles, and variations. He cannot follow these dips, angles, and variations "to any depth" on the strike of the vein, or on its ascending course. The words "to any depth," as well as the other provisions of the statute which require the locator to file a diagram of the tract he claims, and permit him to receive a patent of this limited area, demonstrate the fact that it was not the intention of congress to grant to the patentee of a lode mining claim under the act of 1866 the right to follow it on its strike beyond the boundaries of the location he selects and secures. The act of July 26, 1866, does not grant to the patentee of a lode mining claim the right to follow his vein on its strike, with its dips, angles and variations, beyond the boundaries of his location. It permits him to follow it beyond those boundaries on its dip or descending course only. The result is that Lyman Cook, the patentee of the Cook lode, derived no title or interest in the land here in dispute by his patent, and the plaintiff in error has taken none through Cook's deed.

It is insisted, however, that, if this be true, the patent to the city of Central conveyed no title to this property, because it was reserved from conveyance by the patent as a mine by the sections of the statute to which reference has been made. But it is only mines of gold, silver, cinnabar, or copper which are known to exist at the time of the issue of the town-site patent and mining claims and possessions then lawfully existing that are reserved from patent by section 2392. Davis v. Wiebbold, 139 U. S. 507, 518, 526, 527, 11 Sup. Ct. 628, 35 L. Ed. 238; Dower v. Richards, 151 U. S. 658, 663, 14 Sup. Ct. 452, 38 L. Ed. 305; Smith v. Hill, 89 Cal. 122, 125, 26 Pac. 644; Lindl. Mines, § 175B, p. 216. There is no allegation in the answer in this case that there was any known mine upon the tract here in dispute at the time when the patent to the city of Central was issued. On the other hand, the fact that Lyman Cook, the discoverer of the Cook lode, renounced all claim to this property, and had excluded it from his location and patent, before the grant to the city was made, and the fact that there was no mining claim or possession of this disputed tract in existence at the time the town-site patent was issued, clearly indicate that no mine was then known to exist upon it. The argument of counsel that, because there was a discovery and possession of the Cook lode at places within the limits of the Cook location, that lode and mine were known to exist outside of that location and in this disputed territory, is not persuasive. Indeed, the diagram of his location which Cook made, and the patent which he received, conclusively show that Cook's lode and mine were not known or believed to pass without the north line of the tract he patented, on its strike into this land which he abandoned. Nor was there any possession of this mineral vein within the tract here in controversy which could limit the grant of the patent under the provisions of section 2386. It is only a possession of mineral veins recognized by local authorities, and only to the extent so possessed and recognized, that the title to town lots is subject to under that section. And the answer, the location and patent of Cook, conclusively show that the extent of the possession of this vein recognized by local authorities and by Cook himself was the possession of it within the limits of his patented claim. There was neither possession, nor recognition of possession of it without those limits. There was therefore no exception or limitation of the grant of this land under the patent of the town site by any of the provisions of sections 2386 and 2392.

But it is said that even if the patent conveyed the title to this property to the city of Central and its successor, the city of Blackhawk, the conveyance of the latter to the defendant in error was void, because the property was not appraised and sold at public auction, as required by sections 4339 and 4342 of Mills' Annotated Statutes of Colorado, and because the grantor of the plaintiff in error, William Rogers, who took possession on June 7, 1897, and applied for a deed to himself, was entitled to the conveyance from the city of Blackhawk, while the defendant in error had no right to it. The power and duty of the city of Blackhawk to dispose of this land, however, are not governed by the sections of the statute to which reference has been made, which were first enacted in 1881. They were controlled, on the other hand,

by a special act of the legislature of the state of Colorado, approved February 1, 1876, which may be found in the Laws of Colorado for that year, at page 175. This act empowered the mayor of the city of Central, with the consent of its council, to sell any unsold lots in the town site at private sale, under certain circumstances, and nowhere required the city authorities to give a preference in the purchase to those who entered upon the possession of the property subsequent to the issue of the patent. No violation or disregard of the terms or limitations of the trust imposed upon the city is therefore disclosed by the pleadings, and the deed to the defendant in error is not invalid.

Moreover, the questions whether or not the city authorities complied with the terms of the statutes prescribing the preliminaries, and declaring the method for a conveyance of the lots in the town site, and whether or not on that account its deed may be avoided, cannot be considered in this action of ejectment. Whether the deed was executed after compliance with the required preliminaries, and in strict accordance with the requirements of the statutes, or not, it conveyed the legal title to this property to the defendant in error. The statutes of Colorado intrusted to the authorities of the city the power to hear and determine the questions whether or not these preliminaries had been performed and these requirements had been fulfilled, and authorized them, upon that determination, to make the conveyance. The legal presumption is that they discharged these duties honestly and in accordance with the provisions of the law. That presumption might undoubtedly be overcome in a suit in equity by pleading and proof of gross mistake, fraud, or error in law. No such proceeding has been instituted. No suit to attack or avoid this deed has been brought. This is an action at law, and in this action the defendant in error had a right to rely upon his conveyance. It cannot be collaterally attacked in this action of ejectment. The deed of the city authorities authorized to convey lots in a town site is presumptively valid, and it cannot be collaterally assailed in an action at law for a failure of the authorities to require the preliminaries or perform the requirements antecedent to its execution. Chever v. Horner, 11 Colo. 68, 71, 79, 17 Pac. 21, 7 Am. St. Rep. 202; Smith v. Pipe, 3 Colo. 187, 199; Anderson v. Bartels, 7 Colo. 256, 263, 266, 267, 3 Pac. 225.

Finally it is contended that the defendant in error is estopped from claiming that he is the owner of this land under the patent of the town site, and that it was not subject to entry as a mining claim on June 7, 1897, because he has pleaded in his complaint that this suit is brought in support of an adverse claim filed in the land office against the entry of this land for patent by the plaintiff in error under section 2386 of the Revised Statutes. But there is nothing inconsistent in the adverse claim of Jenkins and this action of ejectment. The statutes permit any one to file an adverse claim whenever application is made to enter a mining claim upon the public lands for patent. If an attempt is made to secure a patent to land which has already been conveyed by the government, the land department has no jurisdiction to consider or determine the questions it presents. An adverse claim presented to that department which discloses the fact that the adverse claimant holds it under a patent already issued is entirely con-

sistent with an action of ejectment, based upon that patent, to turn the trespassing claimant out of possession. Not only this, but section 2326 of the Revised Statutes, under which the adverse claim is prosecuted, requires the claimant to commence proceedings in a court of competent jurisdiction to determine the question of the right of possession, and to prosecute the same with reasonable diligence to final judgment. The averments of the complaint base the claim of the defendant in error upon the patent of the town site issued in 1876. That pleading contains no averment or intimation of any concession or claim that the disputed property was a portion of the public domain, and subject to the disposition of the land department, after the issue of the patent to the city of Central. The only unwarranted averment in that pleading is the allegation of the expenses of preparing and presenting the adverse claim, and the most that can be said of this is that it is immaterial. No relief was granted on account of it, and there is nothing in the pleadings, the proceedings, or the judgment inconsistent with the claim and recovery of possession by the defendant in error upon the patent of the town site in 1876. An action of ejectment based upon a patent issued prior to the initiation by the defendant of a mining claim for which he has applied for a patent is not inconsistent with a claim adverse to that application, under section 2326 of the Revised Statutes, and such adverse claim does not estop the plaintiff from maintaining his action.

The result is that the patent of the town site conveyed the title to this land to the city of Central and its successor, the city of Blackhawk, and the conveyance of the latter vested it in the defendant in error. The deed of Lyman Cook conveyed no title or interest in this property, because he had none. The attempt of William Rogers to initiate a mining claim upon it in 1897 was futile, because all right, title, and interest in it had passed out of the government in 1876. His conveyance to the plaintiff in error, therefore, was ineffectual, and the judgment below must be affirmed. It is so ordered.