## LEWIS et ux. v. DAINWOOD et al.

### No. 10527.

Court of Civil Appeals of Texas.
San Antonio.

June 21, 1939.

Rehearing Denied July 26, 1939.

Gaines, Gaines & Roberts, of San Antonio, and M. E. Jenkins, of Alice, for appellants.

Perkins & Floyd and Frank T. Morrill, all of Alice, for appellees.

MURRAY, Justice.

W. H. Dainwood, F. M. Bowden, James Albert Keliehor and F. T. Anderson, filed this suit in the District Court of Jim Wells County against J. H. Lewis and wife, Lilly Lewis, and a number of other defendants, and the unknown heirs and legal representatives of such other defendants. The suit was in the nature of a trespass

to try title to 62 acres of land, situated in Jim Wells County, being a portion of Section 1 of the C. S. Fowler Subdivision of the Benton Ranch, and consisting of a number of lots in the Townsite of Bentonville.

The defendants J. H. Lewis and wife, Lilly Lewis, filed an answer consisting of a general demurrer, special exceptions, general denial, and plea of not guilty, and further plead title by limitation under the ten-year statute of limitation. As the other defendants did not appeal they need not be further mentioned.

J. H. Lewis and wife made a motion for an instructed verdict, both when plaintiffs first rested and when the evidence was closed by both sides, but the motion was overruled on each occasion.

Thereupon the plaintiffs filed their motion for an instructed verdict, which motion was by the court granted, and upon the verdict thus rendered judgment was entered in favor of all plaintiffs and against all defendants for the title and possession of the land in suit.

From this judgment J. H. Lewis and wife, Lilly Lewis, alone have prosecuted this appeal.

Appellants present their first eight propositions under one statement and one argument, so we shall here consider such propositions collectively.

The record shows that William Benton was in possession of the land in suit prior to the possession of appellants and prior to any possession under which appellants claim; and further shows that appellees are the holders of a regular chain of title from William Benton, and further showing that the appellants, relying solely on the ten-year statute of limitations, but admitted recognizing the title under which appellees claim, within ten years of appellants' entry on the land and did not show a repudiation of such recognition ten years before the filing of this suit. Under such facts we conclude that the trial court correctly directed a verdict in this cause.

■ Appellants contend that the appellees do not have a regular chain of title because the sale made by a trustee was allegedly void. The appellants were in no way a party to this trustee's sale and are not in a position to make the objections they urge. They contend that the note was not properly declared due, the substitute trustee was not properly appointed,

and that the land was sold in Nueces County, while the land was located in Jim Wells County.

These matters might be taken advantage of by the mortgagor or those in privy with him, but not by a mere trespasser on the land. The deed of trust carried a provision to the effect that all recitals in a deed by the trustee were to be taken as prima facie true. The deed executed by the substitute trustee recites, in effect, that everything was done to make the sale a proper sale and such recitals are binding upon the appellants, who were strangers to the deed of trust and only trespassers on the land. Buvens v. Brown, 118 Tex. 551, 18 S.W.2d 1057; Wilbanks v. Mardette Oil Co., Tex. Civ.App., 119 S.W.2d 583; Chandler v. Guaranty Mortgage Co., Tex.Civ.App., 89 S.W.2d 250; Heiner v. Homeland Realty Co., Tex.Civ.App., 100 S.W.2d 793; Adams v. Zellner, 107 Tex. 653, 183 S.W. 1143.

■ Part of the land described in the deed of trust was located in Nueces County and part of it in Jim Wells County. The land was properly posted for sale in each county, but the sale was had in Nueces County. This was proper. Article 3810, R.C.S.1925, provides, among other things, as follows: "Where such real estate is situated in more than one county then notices as herein provided shall be given in both or all of such counties, and the real estate may be sold in either county."

■ Appellants further contend that there is nothing to show that the president of Martindale Mortgage Company had authority to appoint a substitute trustee. Under the facts in this case authority will be presumed. Chandler v. Guaranty Mortgage Co., Tex.Civ.App., 89 S.W.2d 250. Martindale Mortgage Company was the original mortgagee in the deed of trust referred to above.

■ Appellants also contend that it was necessary for appellees to deraign title from the sovereignty of the soil. We overrule this contention. Appellees established a prima facie fee simple title in themselves by virtue of the prior possession of Wm. Benton, and the consecutive chain of title from him down to themselves. House v. Reavis, 89 Tex. 626, 35 S.W. 1063; Watkins v. Smith, 91 Tex. 589, 45 S.W. 560; Humble Oil and Refining Co. v. Wilcoxon, Tex.Civ.App., 70 S.W.2d 218; Hunt v. Hunt, Tex.Civ.App.,

95 S.W.2d 724, 725; Robinson v. Randell, Tex.Civ.App., 211 S.W. 625, error refused.

Appellants' last contention is that regardless of the title of appellees the court erred in not submitting the case to the jury on their plea of title by virtue of ten years' possession of the land. Appellant J. H. Lewis admitted that during the ten years relied on by him to perfect title he had agreed to rent the land as a tenant. It is true he later repudiated this agreement, nevertheless it was sufficient to show that his possession of the land was not of that hostile nature required by the ten-year statutes of limitation. Arts. 5510, 5514, 5515, R.C.S.1925; Warren v. Fredericks, 83 Tex. 380, 384, 18 S.W. 750; Houston Oil Co. of Texas v. Pullen, Tex.Com.App., 272 S.W. 439; Mhoon v. Cain, 77 Tex. 316, 14 S.W. 24; Thompson v. Moor, Tex. Com.App., 14 S.W.2d 803; Morgan v. Wertz, Tex.Civ.App., 104 S.W.2d 63.

In view of this admission made by appellant J. H. Lewis while he was testifying on the trial of the case, the court properly instructed the jury to return a verdict for appellees.

The judgment is affirmed.