**WEST v. MORA et al.**

**No. 10679.**

Court of Civil Appeals of Texas. San Antonio.

Feb. 14, 1940.

Rehearing Denied March 27, 1940.

Robert A. Sone, of Corpus Christi, and James W. Paulk, of Alice, for plaintiff in error.

Lon D. Herbert, of Alice, for defendants in error.

MURRAY, Justice.

This suit was instituted by defendants in error, Luis Mora and Jacob Lopez, against plaintiff in error, H. E. West, seeking to recover, in a trespass to try title suit, certain tracts of land lying and being situated in Jim Wells County, Texas, and described as follows: Lots Nos. Six (6), Seven (7) and Eight (8), in Block Eight (8) of Section Five (5), out of G. R. Scott's Re-Subdivision of a part of C. S. Fowler's Subdivision of the Benton Ranch, and containing 22.29 acres, more or less.

West answered by general demurrer, general denial, a plea of not guilty, and a cross-action claiming title to the land by virtue of adverse possession for more than ten years.

The trial was to the court, without the intervention of a jury, and resulted in judgment for Mora and Lopez against West for the title and possession of the 22.29 acres of land sued for by defendants in error.

From this judgment West has prosecuted this appeal.

This case is very similar to the case of Lewis v. Dainwood, decided by this court on June 21, 1939, and reported in 130 S.W. 2d 456. The land there involved was a part of the Benton Ranch, as is the land here involved. There the plaintiffs were able to show prior possession of the land by William Benton to the possession claimed by the defendants, and a regular chain of title down to themselves from said William Benton. The plaintiffs in the case at bar were able to show a prior possession to that claimed by West, and a regular chain of title down to themselves from those holding such prior possession. Such prior possession, coupled with such regular chain of title, would support the judgment in favor of Mora and Lopez, unless West could show that he had held possession of the land under such circumstances and for such a length of time as to give him title to the land under the provisions of Art. 5510, R.C.S.1925.

The trial court made and filed his findings of fact and conclusions of law, the eighth finding of fact being as follows: "The court finds that the defendant did not have peaceable, open, notorious, exclusive, continuous, adverse and hostile possession of the land involved in this suit for as much as ten years preceding the filing of this lawsuit."

The only question raised by plaintiff in error in his brief necessary to be considered, is whether or not there is evidence in this record to support this finding. Or, to state the matter a little differently, does the evidence show as a matter of law that West had held such possession of the land for more than ten years before the suit was filed?

The burden of establishing title by the ten years' statute of limitation was upon West, who was asserting such title. There was no jury and the judge was the trier of the facts. Unless the evidence was conclusive he could properly find against West.

West claimed possession of the land from 1925 to the filing of the suit, in 1938. The evidence tends strongly to show that this possession was interrupted from 1929 to 1933, during which time West resided in and about the town of Alice and operated a business. It is true that he testified that during such time he kept

a tenant in charge of the land, but he was an interested party and the court was not compelled to believe his testimony. It is further shown that plaintiff in error, H. E. West, and his father, B. F. West, both had possession of the land, and the witnesses who testified for plaintiff in error did not know whether the cattle they saw on the land belonged to the father, B. F. West, or the son, H. E. West. B. F. West had filed, in another suit, a disclaimer of any interest in the land here involved. The evidence further shows that the fence around the land was sometimes down and at other times insufficient to turn stock. Under such evidence the trial court very properly held that H. E. West had failed to establish title under the ten-year statute of limitation (Art. 5510).

The judgment is affirmed.