### WATSON et al. v. WHITTON.

No. 3539.

Court of Civil Appeals of Texas. Beaumont.

April 19, 1940.

Rehearing Denied May 4, 1940.

John F. McLaurin, of San Augustine, and Minton & Minton, of Hemphill, for appellants.

J. R. Bogard, of San Augustine, for appellee.

O'QUINN, Justice.

Suit by appellee, Whitton, against L. Watson et. al., appellants, in trespass to try title to 165 acres of land, a part of the Sarah Welding survey of 330 acres, situated in San Augustine County, Texas, describing the 165 acres by metes and bounds, and being the north half of said 330 acre survey.

Defendants, appellants, answered disclaiming as to all of the land except a tract of 32¼ acres, specifically described as the Charles G. Bruce tract, alleged to have been granted to said Bruce by the State of Texas, describing same by metes and bounds, and. as to said Bruce tract they answered by general denial and plea of not guilty.

The case was tried to the court without a jury, and judgment was rendered for appellee for the land sued for. We have the case on appeal.

The record discloses that appellee sued for the title and possession of the 165 acre tract—the north half of a 330 acre tract known as the Sarah Welding survey. Appellants answered disclaiming any claim to land on the Welding survey, but set up title to 32¼ acres known as the Charles G. Bruce tract which adjoined the Welding survey. The suit, when developed, narrowed down to a contest as to the location of the line between the Welding and Bruce surveys.

■ There are 13 assignments of error in appellants' brief. These assignments and the propositions based upon them are presented grouped. As they relate to as many different and unrelated matters, they could not, under the rules for briefing, be grouped for presentation. Further, these assignments are followed by a single statement which is not addressed to any particular assignment, which quotes copiously from the statement of facts. We are unable to apply this statement to any one of the assignments or propositions. It appears to apply to them all indiscriminately. The rule requires that each assignment or proposition shall be supported by an appropriate statement from the record, and does not contemplate that a party may set out numerous propositions presenting different questions, and then make one general statement and argument addressed to none of the propositions, but merely condensing the entire record according to his view of the facts. While we do not think the rules for briefing should be given a technical or arbitrary interpretation, where there has been a substantial effort at compliance therewith, yet where there is so complete neglect to meet their requirements, as here evidenced, they should be enforced. Rule 31, Court of Civil Appeals. Austin v. Freestone County, Tex.Civ.App., 288 S. W. 870, writ refused; Warren v. Houston Oil Co., Tex.Civ.App., 296 S.W. 637, affirmed, Tex.Com.App., 6 S.W.2d 341; Simpson v. Fulcher, Tex.Civ.App., 45 S. W.2d 1012, writ refused; Bustamante v. Haynes, Tex.Civ.App., 55 S.W.2d 137, writ dismissed; Holsomback v. Taylor, Tex.Civ.App., 61 S.W.2d 544; Williams v. Kelley, Tex.Civ.App., 77 S.W.2d 263; Grand Lodge Colored Knights of Pythias of Texas v. Rhodes, Tex.Civ.App., 72 S.W.2d 1106; Bates v. J. D. McCollum Lumber Co., Tex.Civ.App., 107 S.W.2d 1107; Walker v. T. & N. O. Ry. Co., Tex.Civ.App., 75 S.W. 47.

■ Assignment No. 9 is to the effect that the court erred in rendering judgment for appellee for all of the land claimed by him (the Welding 165 acres) because the partition deed by and between the children of W. N. Whitton and Mary E. Whitton did not convey the interest of Sallie P. Orr, one of the heirs of said W. N. and Mary E. Whitton, because her acknowledgment of and to said deed was fatally defective in that it was not in conformity with the statutory requirements of the State of Texas relating to the acknowledgment of a married woman. Appellants cited authority to sustain their contention in this particular. The challenge to the acknowledgment was that it did not recite that she did not wish to retract her execution of the deed. Failure to include this requirement in a married woman's acknowledgment renders the deed, as to her, void, but it is well settled that the sufficiency or validity of her acknowledgment cannot be questioned by a stranger to the wife's title in suit in trespass to try title. Buvens v. Brown, 118 Tex. 551, 18 S.W.2d 1057. Appellants being strangers to the wife's, Mrs. Sallie P. Orr's, title are not permitted to question the sufficiency of her acknowledgment to the deed.

We have considered the entire record, and no reversible error appearing, the judgment is affirmed.

Affirmed.