## WILDER v. AMERICAN PRODUCE CO. et al.

### No. 3781.

Court of Civil Appeals of Texas. El Paso.
Dec. 12, 1940.

Rehearing Denied Feb. 6, 1941.

C. C. Carsner, of Victoria, for appellant.

Edward L. Dunlap and John S. Hadley, both of Victoria, for appellees.

WALTHALL, Justice.

This suit was brought by H. S. Wilder against the American Produce Company to recover title to and possession of a small parcel or strip of land in the City of Victoria, Victoria County, Texas. The suit is in trespass to try title to the land involved, and as described in plaintiff's petition. The land apparently involved in the suit and the land claimed by defendants was at that time partly occupied by the cold storage plant of appellee American Produce Company. The Company impleaded its grantor, Mrs. Caroline Wilden, a feme sole, the other appellee under its warranties of title, each of whom answered and pleaded not guilty, and further pleaded the statutes of three, five and ten years' limitation, improvements in good faith, and that the land in controversy was a part of a seventy varas strip of land dedicated by the town of Victoria as a roadway. Other parties than the two defendants above mentioned were joined as defendants, but disclaimed and were dismissed in the judgment.

The court instructed a verdict in favor of the defendants named, and based on the verdict as instructed the court overruled Wilder's motion for a new trial, and entered judgment for defendants, appellees here.

Appellant duly excepted, gave notice, and prosecutes this appeal.

Appellant, by some eight propositions, submits that the court erred on each of the several grounds mentioned in instructing a verdict for appellees.

The trial court did not file findings of fact and conclusions of law, nor did the court in the judgment indicate the ground or grounds upon which he based his instructed verdict for the defendants.

If we look to defendants' (appellees') motion as stating the ground upon which the court instructed the verdict, the motion is that, the deed from the City of Victoria to H. S. Wilder, dated the 17th day of April, 1928, is totally void and of no force or effect to convey any land or any right in land whatsoever, for the reason that said deed was not authorized in the manner and with the solemnities under the charter provisions and ordinances of the City of Victoria, Texas, in that the resolution authorizing the Mayor and City Secretary to execute said deed was not read at three regular meetings of the City Council; said deed was passed finally on first reading by said Council, contrary to Section 71 of the Charter of said City. Further, that said deed of said City of Victoria to said H. S. Wilder, dated the 17th day of April, 1928, is void for the reason that the description of land therein attempted to be conveyed is vague and indefinite, and that no land can be located from said description.

Other grounds than the above for instructing the verdict are in the motion, but having fully examined and considered the entire record, the unqualified evidence shows that the resolution or ordinance, whichever it may be, of the City Council authorizing the sale of the land to Wilder was read only one time by the City Council and was finally passed by the Council on its first reading, while the City Charter requires that the passage of the ordinance or resolution shall be by reading the same at three regular meetings.

There is no statement that the court sustained the motion, but the court instructed the verdict, and we will assume that the motion embraced the grounds upon which the instructed verdict was given.

The parties to this appeal agreed:

"1. That the land in controversy in this cause of action is wholly within the original four-league grant by the State of Texas to the corporation of the town of Victoria, Victoria County, Texas.

"2. That the land in controversy at the present time is not within the corporate limits of the City of Victoria, Texas, and that the present corporation, the City of Victoria, succeeds to the title, if any, of all lands within the four-league grant not previously sold by it, but without the corporate limits of the City as reduced by the Act of 1879."

It appears by the record that the City of Victoria, acting by its Mayor and Secretary, naming each one, "herein duly authorized by the City Council by an order entered upon the minutes of said Council on the 18th day of April, 1928, has granted, bargained, sold and quitclaimed, and by these presents does grant, bargain, sell and quitclaim unto the said H. S. Wilder, all of its right, title and interest and claim in and to that unsold portion of the Four-League Grant to the Town of Victoria designated as a Reservation for levee purposes, and being all the land belonging to the City of Victoria lying on the north bank of the Old River from its upper mouth to the crossing of the G. H. & S. A. Ry. Company's track by a county road west of the Planters Gin and Mill Company. Said strip of land not to exceed seventy (70) varas in width." Then follow some statements in the deed with reference to the intention of the city executing the deed, not necessary to state. Then follows the signature of the City of Victoria by its Mayor and Secretary, each signing officially. The deed was duly acknowledged and recorded.

As evidence of the establishment and dedication of the Reservation of the Levee District, referred to in the deed to Wilder, plaintiff offered in evidence a resolution of the Town Board of Victoria of date March 12, 1850, stating that the Board met, naming those present, and referred to some orders of the Board with reference to some instructions given by the Board to the Surveyor as to the land embraced in the Four-League Grant.

Appellees insist, and so pleaded, that the land claimed by appellant to be a Levee Reserve was in fact an admitted public road dedicated by the Town of Victoria and left as a road at the time the town sold the abutting farm lots; and further, that the deed from the town of Victoria to appellant is void for the reason that the charter ordinance of Victoria in making the sale of the land to appellant was not observed, in that appellant is claiming title under his deed to an admitted public road, the deed executed under a mere resolution of the Board.

Without discussing other grounds relied upon by appellees as stated above, than that appellant's deed was void because the resolution or ordinance of the Council in authorizing the conveyance of the land did not conform to the provision of the City Charter, in that same was not read at three

regular meetings of the Council, but was passed on its first reading, we concur in appellees' contention that to authorize the deed, the resolution or ordinance must be read at three meetings of the council, which was not done. 45 Corpus Juris, p. 1352, and notes there used. A city ordinance may not contravene its charter. City of Terrell v. Howard, Tex.Civ.App., 85 S.W.2d 283, and cases there used.

It also seems to us, after a study of the record, that the land involved in the suit has not been sufficiently identified by the calls in the deed or otherwise to entitle appellant to a judgment.

We have concluded that the court was not in error in instructing the verdict.

The case is affirmed.

### On Rehearing.

PRICE, Chief Justice.

In the original opinion it was stated that "This suit was brought by H. S. Wilder against the American Produce Company to recover title to and possession of a small parcel or strip of land in the City of Victoria, Victoria County, Texas." The land involved is not in the City of Victoria. The agreement of the parties on the trial was as follows:

"1. That the land in controversy in this cause of action is wholly within the original four-league grant by the State of Texas to the corporation of the town of Victoria, Victoria County, Texas.

"2. That the land in controversy at the present time is not within the corporate limits of the City of Victoria, Texas, and that the present corporation, the City of Victoria, succeeds to the title, if any, of all lands within the four-league grant not previously sold by it, but without the corporate limits of the City as reduced by the Act of 1879."

In the motion for rehearing it is urged that Section F, page 65, Charter and Ordinances, City of Victoria, Texas, as follows: "Ordinances authorizing contracts, appropriations or expenditures in excess of $1,-000.00, or any lease or sale, under the city charter, shall be read in full at three regular meetings," is an ordinance of the City of Victoria, and not a charter provision. In passing on the motion for rehearing, we shall assume that this is correct, and that same is not a charter provision. Our confusion arose from the fact that it appears in the statement of facts denominated as a quotation from the Charter and Ordinances of the City of Victoria.

It is an axiomatic principle that in trespass to try title recovery by plaintiff is conditioned on a showing of title or the right to immediate possession.

If plaintiff has title, it was conveyed to him by the deed from the City of Victoria dated the 17th day of April, 1928. This deed purports to have been authorized by resolution of the City Council passed on the 15th day of April, 1928. It affirmatively appears that Section F of the City Ordinances was not complied with, in that same was passed on first reading. Now, if Section F was an ordinance, as we have assumed, we think that until repealed it was binding upon the City Council and on all parties claiming rights from and under the City. The ordinance was a self-imposed limitation. We take it that same could not be repealed save by an ordinance. It might be said that this ordinance has no application here, in that the quoted section relates only to ordinances, and this was by resolution. Assuming, for a moment, that the City had the power to convey land owned by it in pursuance of a resolution. Section 71 of the Charter provides: "No ordinance or resolution shall be passed finally on the date of its first reading, except in the case of public emergencies, and then only when requested by the Mayor in writing; provided, that no ordinance or resolution making a grant of any franchise or special privilege shall ever be passed as an emergency ordinance." Now this resolution, it is affirmatively shown, was passed on the date of its first reading. There is in the record no evidence of a public emergency.

There is an intrinsic distinction between action by a city through ordinance and resolution. A long line of cases draws this distinction. Briefly, it may be said that an ordinance is legislative action, and a resoluton is administrative in character. But the charter limitation here is the same as to each character of municipal legislation.

It seems to have been assumed that the City had the power to convey this land. Nowhere in the brief on the motion for rehearing is there a specific designation of how this power was conferred; the manner of the exercise of such purported power is nowhere pointed out, save in Section 71 of the Charter and Ordinance F, before quoted.

■ If a city be authorized to convey land, it would seem to us that the action should be by ordinance rather than by resolution. If by resolution, that same should be preceded by authorization by charter or ordinance. The City of Victoria owned a large area of land outside its limits. The purpose for which it could be disposed of and the manner of the sale thereof most certainly were matters appropriate for permanent regulation. Permanent regulation is ordinarily a matter achieved by legislative rather than administrative action.

Under the plaintiff's own theory, this property had been dedicated to a public purpose. It would seem that same should not be conveyed away without some of the safeguards of publicity.

We adhere to our views expressed in the original opinion that this purported conveyance was void.

Motion for rehearing is overruled.