H. S. WILDER V. AMERICAN PRODUCE COMPANY ET AL.

No. 7852.  Decided  March  25,  1942.
(160 S. W., 2d Series, 519.)

*C. C. Carsner* and *C. C. Carsner, Jr.,* both of Victoria, for plaintiff in error.

On the question of the sufficiency of the evidence and calls in the deed to properly identify the land intended to be conveyed.

Miller v. Hodges, 260 S. W. 168; Ross v. Dozier, 32 S. W. (2d) 911. .

On the proposition that the trial court erred in instructing a verdict on the pleas of limitation see Dutton v. Thompson, 85 Texas 115, Moore v. Blackwell, 85 S. W. (2d) 980; Haring v. Shelton, 103 Texas 10, 122 S. W. 13.

*Edward L. Dunlap*, of Victoria, for defendant in error.

The sale of the land to plaintiff was not made in accordance with the charter of said city and its ordinance requirements. Palmer County v. Smith, 47 S. W. (2d) 883; Wright v. Victoria, 4 Texas 375, 43 C. J. 1352.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This suit was brought by H. S. Wilder against the American Produce Company and others, in trespass to try title to recover a tract of land in Victoria County. The defendants pleaded the statutes of limitation and improvements in good faith. At the conclusion of the evidence the court instructed a verdict for the defendants, and judgment was rendered accordingly. The judgment of the trial court was affirmed by the Court of Civil Appeals. 147 S. W. (2d) 936.

The land in question is a part of a four-league grant, made by the Republic of Texas to the town of Victoria in 1841. The Court of Civil Appeals sustained the action of the trial court in instructing a verdict for the defendants on two grounds. One of these grounds was that the conveyance from the City of Victoria to the plaintiff, and upon which he relies for his title, was void because not authorized in the manner provided in the ordinance of said city. The ordinance in question provided as follows: "Ordinances authorizing contracts, appropriations, or expenditures in excess of $1,000.00, or any lease or sale, under the city charter, shall be read in full at three regular meetings." The evidence shows that the matter of selling the land in question to Wilder was brought before the city council at a regular meeting on April 2, 1928, and was referred to the mayor and the city attorney for investigation. On April 9, 1928, at a regular meeting of the council, the mayor and the city attorney recommended the sale. On April 15, 1928, at another regular meeting, a motion carried authorizing the mayor

to execute and deliver to Wilder a conveyance of said land, for a cash consideration of $500.00. On April 17, 1928, the mayor executed the deed as directed.

The Court of Civil Appeals was of the opinion that the conveyance was void because the resolution authorizing same was passed after a first reading; whereas an ordinance authorizing such sale, in order to be valid, would have to be read at three regular meetings before its adoption.

Revised Statutes, Article 962, which was in force at the time of this conveyance, authorized cities and towns to convey land belonging to them. See also Revised Statutes, Article 1140. There was nothing in the charter of the city limiting its statutory right to sell land. The city council was the governing body of the city, and, as such, was the proper agency to exercise the authority to sell the land in question. It attempted to exercise that authority by authorizing the mayor to execute and deliver the conveyance in question for and on behalf of the city. Such conveyance was made as directed, and the purchase price for the land was received and, presumably, retained by the city. The conveyance was regular on its face. The only irregularity related to the preliminaries incident to the authorization of the conveyance by the council. The requirement, provided for in the ordinance of the city, that such sales be authorized by ordinance was for the protection of the city. Several years had elapsed from the time of the conveyance to the date of the filing of this suit, during which time the city has made no effort to rescind the sale or cancel the conveyance. In fact, the city is not here seeking a cancellation thereof. It is apparently satisfied with the consideration which it received for the land. The attack here made on the conveyance is a collateral one, made by a third party in an action to which the city is not a party.

McQuillin on Municipal Corporations (2d Ed.), Vol. 3, Sec. 1254, p. 771, announces the rule with reference to the right to collaterally attack a conveyance made by a municipality because of the failure to comply with preliminaries anticedent to the sale as follows:

"The legality of a sale by a municipal corporation cannot be collaterally attacked; nor can a deed by a municipality be collaterally assailed in an action at law for a failure of the authorities to require the preliminaries or perform the requirements antecedent to its execution."

See also Hurwitz v. Moore, 132 App. Div. 29, 116 New York Sup. 248; Larned v. Jenkins, 113 Fed. 634; Buvens v. Brown, 118 Texas 551, 18 S. W. (2d) 1057; Watson v. Whitton, 140 S. W. (2d) 961; Lewis v. Dainwood, 130 S. W. (2d) 456; Wilbanks v. Mardette Oil Co., 119 S. W. (2d) 583.

■ We hold that under the facts of this case the conveyance from the City of Victoria to Wilder was not subject to collateral attack by a third party in this action, to which the city was not a party, merely because of the failure of the council to authorize the sale by ordinance instead of by resolution.

The conveyance from the City of Victoria to Wilder described the land as follows:

"All to (of) its right, title, interest and claim in and to that unsold portion of the Four League Grant to the Town of Victoria, designated as a reservation for levee purposes, and being all of the land belonging to the City of Victoria lying on the North bank of the Old River from its upper mouth to the crossing of the G. H. and S. A. Ry. Company, said strip of land not to exceed seventy (70) varas in width."

■ The Court of Civil Appeals was of the opinion that the land in suit had not been sufficiently identified by the calls in the deed, or otherwise, to entitle plaintiff to recover. There was evidence that in 1850 the city had instructed its town surveyors to reserve a strip of land seventy varas in width on the west bank of the Guadalupe River, commencing on the lower line of the town proper on the west bank of the river, and thence with the meanders of the river to a point far below where the property in question is situated. During the same year it was ordered that the surveyors be required to survey building lots on the west side of the river adjoining and below the town proper, "said survey to front the levee reserved and to correspond with the town proper survey." Afterwards, in selling off the adjoining lots on the west side of the river the field notes called for corners to be seventy varas from the river and bordering "on the levee." There was therefore evidence that the city owned a strip of land seventy varas in width on the west bank of the river, below the town. Extrinsic evidence gave the location of the "upper mouth" and the "north bank" of the river, and the railroad right of way called for in the deed. Field notes of the adjoining lots previously sold by the city were introduced in evidence. The information

contained in the deed, together with this available extrinsic evidence, was sufficient to enable the property to be identified with reasonable certainty, and the description was therefore sufficient. 14 Tex. Jur. 988; Macmanus v. Orkney, 91 Texas 27, 40 S. W. 715; Pierson v. Sanger Bros., 93 Texas 160, 53 S. W. 1012.

From what has been said, it is apparent that we are of the opinion that the trial court erred in instructing a verdict for the defendants on the grounds indicated.

The judgments of the third court and of the Court of Civil Appeals are reversed, and the cause is remanded for a new trial.

Opinion delivered March 25, 1942.