HOBSON, Justice.
This is an appeal by the plaintiff Gold-trap from an order of the circuit court dismissing a third amended bill of complaint without leave further to amend.
The third amended complaint seeks to quiet title to certain described realty in the plaintiff. It alleges that in 1932 title to the property was vested in the Wright Estate, from which common source the claims of plaintiff and defendants derive. In 1932 the city limits of the City of Bowling Green included the described property, and the City of Bowling Green brought a tax foreclosure suit against it, resulting in a master’s deed conveying the land to the City, in 1932. The Wright Estate continued to claim ownership of and to pay taxes upon the land up to 1945, in which year the Wright Estate deeded the interest so claimed to Doyle E. Carlton, Jr., and wife, by warranty deed. On October 29, 1948, Carlton and wife executed a warranty deed to plaintiff-appellant. On March 6, 1952 the interest of the City obtained by the foreclosure “was for a valuable consideration *447 duly and regularly conveyed by the City” to Doyle E. Carlton, Jr., and on July 1, 1952 Carlton and wife executed a quitclaim deed of the property to plaintiff-appellant.
Plaintiff further alleged, inter alia, that defendants deraigned their title through a quitclaim deed executed in 1943 by the May- or and Clerk of the City of Bowling Green, but that this deed was void because of the following circumstances:
“Pursuant to the provisions of Section 4 of the Charter of the City of 'Bowling Green authorizing the city council to prescribe the manner for making a conveyance of any real property belonging to said city, the city council, prior to the year 1943, did by ordinance provide that property belonging to the city shall be disposed of only in the following manner, namely, by deed signed by the Mayor and attested to by the clerk after said conveyance had been authorized by a resolution passed by the majority of said council in regular or special session; that the said ordinance was passed and in effect prior to and at the time of the execution of said deed and has since remained in effect and has made the passing of a resolution by said city council authorizing such conveyance a condition precedent to such conveyance; that notwithstanding said ordinance and charter provisions as above stated, the deed from the city to H. B. Bailey was executed by the said W. J. Case as Mayor and E. S. Holman as Clerk, without any such previous authorization by the city council by resolution or otherwise, and that the matter of the conveyance of said tract of land by said unauthorized deed has never since been ratified or acquiesced in by the city council.”
Appellant poses for our determination the sole question: “Is a deed executed by officers of a municipal corporation effective to convey title to realty wherein said deed is executed without the adoption of a resolution by the city council as required by law?”
It is clear from an examination of the record, and the foregoing query suggests, that no charge is made that the city lacked power or authority to convey title to the realty involved herein, but rather that it exercised its power in an irregular manner by failing to comply with the requirements antecedent to the execution of a deed of conveyance which are prescribed by ordinance passed pursuant to the provisions of Section 4 of the City’s charter.
Counsel for appellant contends that the quitclaim deed from, the City of Bowling Green to H. B. Bailey which was executed in the year 1943 by W. J. Case as Mayor and E. S. Holman as Clerk, without authorization by the city council by resolution or otherwise, is absolutely void. Surprisingly, however, counsel states in his brief, and we quote therefrom, that “It is conceded that such an unauthorized act on the part of the Mayor and Clerk [may] later be ratified by the council, even though no provision is in the charter for such subsequent ratification.”
Since the challenged deed lay within the power of the city officials to execute, and was concededly capable of ratification, it cannot be considered absolutely void, but must be treated as merely voidable. In this connection we must observe the further fact that the attempt in the third amended complaint to assail the subject deed is made by way of collateral attack. That the validity of a deed of a municipality which is voidable only may not be collaterally attacked in a suit like the present one, to which the city is not a part, is apodictic. We quote wdth approval from the Supreme Court of Texas in the case of Wilder v. American Produce Co., 138 Tex. 519, 160 S.W.2d 519, 521:
“McQuillin on Municipal Corporations, 2d Ed., Vol. 3, Sec. 1254, p. 771, announces the rule with reference to the right to collaterally attack a conveyance made by a municipality because of the failure to comply with preliminaries antecedent to the sale as follows: ‘The legality of a sale by a municipal corporation cannot be col *448 laterally attacked; nor can a deed by a municipality be collaterally assailed in an action at law for a failure of the authorities to require the preliminaries or perform the requirements antecedent to its execution.’ See also Hurwitz v. Moore, 132 App.Div. 29, 116 N.Y.S. 248; Larned v. Jenkins, 8 Cir., 113 F. 634; Buvens v. Brown, 118 Tex. 551, 18 S.W.2d 1057; Watson v. Whitton, Tex.Civ.App., 140 S.W.2d 961; Lewis v. Dainwood, Tex.Civ.App., 130 S.W.2d 456; Wilbanks v. Mardette Oil Co., Tex.Civ.App., 119 S.W.2d 583.
“We hold that under the facts of this case the conveyance from the City of Victoria to Wilder was not subject to collateral attack by a third party in this action, to which the city was not a party, merely because of the failure of the council to authorize the sale by ordinance instead of by resolution.”
See also Quackenbush v. City of Cheyenne, 52 Wyo. 146, 70 P.2d 577 and 63 C.J.S., Municipal Corporations, § 968 a, p. 518.
Appellant’s counsel attempts to avoid the effect of that which he concedes — that the council may ratify the allegedly unauthorized act of the city officials —by asserting that the council, subsequent to the execution and delivery of the questioned deed, passed a resolution according to due form authorizing conveyance of the same property to Doyle E. Carlton, Jr., which act “affirmatively shows that there was a repudiation of the said [challenged] deed.” But we need not decide the question of whether the allegation in the third amended complaint that “the interest of the City of Bowling Green, acquired by virtue of said foreclosure suit, was for a valuable consideration duly and regularly conveyed by the City of Bowling Green to Doyle E. Carlton, Jr., on March 6, 1952,” is sufficient because this conveyance, which was made by quitclaim deed, does not amount to a repudiation of the former deed. This is true because of the very nature of a quitclaim deed, whose execution, without more, does not necessarily import that the grantor possesses any interest at all. City and County of San Francisco v. Lawton, 18 Cal. 465; Bruce v. Luke, 9 Kan. 201; 16 Am. Jur., Deeds, Sec. 344, p. 636.
Affirmed.
ROBERTS, C. J., and THOMAS and DREW, JJ., concur.