**R. L. SKINNER et al., Appellants,**

**v.**

**C. L. NOLAND et ux., Appellees.**

**No. 14900.**

Court of Civil Appeals of Texas.

Dallas.

Jan. 14, 1955.

Rehearing Denied Feb. 18, 1955.

Van Zandt & Sanford, Sherman, for appellants.

Slagle, Rollins & Hughes, Sherman, for appellees.

CRAMER, Justice.

Appellants filed this suit in District Court against appellees in trespass to try title to an undivided interest in a certain 26⅔ acre tract of land in the M. B. Lamar Survey in Grayson County. Appellees defended by

plea of not guilty and the three, five and ten-year statutes of limitation. Appellees claim title to the land under a warranty deed which describes the property conveyed as follows: "all that certain tract or parcel of land out of the M. B. Larmar Survey, abstract No. 704, situated in the County of Grayson, State of Texas. It is the intention of this deed to convey my one-third interest in and to the above described property; also to convey all right, title and interest in all of the personal property I may have in my possession."

The deed was admitted in evidence over the objection of appellants that the description was insufficient, was patently ambiguous, and contained no key or clue to admit extrinsic evidence.

Also admitted in evidence over appellants' objection was testimony to the effect that the land in controversy was the only land in which Jack B. Skinner, the grantor, had an interest at the date of such deed, and also certain alleged declarations by Skinner to the effect that he intended to convey his one-third interest in the land in question to H. L. Noland and that he had done so. It was undisputed that the M. B. Lamar Survey was much larger and contained much more than the 26⅔ acres of land.

At the conclusion of the evidence both sides agreed in open court that there were no jury issues, whereupon the court withdrew the case from the jury and rendered the judgment appealed from. Appellants have duly perfected their appeal and here brief eighteen points of error, in substance as follows: The court erred (1) in admitting in evidence over timely objection the purported deed from Skinner to Noland; (2) in permitting said deed to be introduced in evidence; (3) in finding as a fact that such instrument contained data from which the property in question could be identified by extrinsic evidence; (4) in concluding as a matter of law that such instrument contains a statement of ownership and descriptive data within its four corners affording the means in writing for direct and certain identification of the land in question; (5) in overruling appellants' motion to strike from the evidence the purported deed and all evidence wherein and whereby the contents of that instrument were read to the jury; (6) in concluding as a matter of law that such instrument was a valid warranty deed to the property in controversy; (7) in permitting C. L. Noland to testify over proper objection that the property involved was all the property that Jack B. Skinner owned; (8) in permitting H. H. Noland to testify over proper objection that his uncle, H. L. Noland, and Jack B. Skinner came to his office and wanted this deed written and that Jack Skinner told him he would like to give a deed covering his interest in this land to his uncle for taking care of him; (9–10) in permitting the witness Mrs. Garrett to testify over proper objection that Jack B. Skinner was going to deed the land in question to her uncle, Hugh Noland; (11) in permitting the witness Chafe Skinner to testify over objection that the land in question was the only land Jack Skinner owned an interest in within two years prior to his death; (12) in permitting the witness Garnet Shelton to testify over objection that the 26 acres here involved was out of the M. B. Lamar Survey; (13) in finding as a fact that a reasonable inquiry as to the family and pedigree of Jack B. Skinner would have yielded the necessary information as to the location of the property in question and Jack B. Skinner's interest therein; (14) in concluding that C. L. Noland is vested in fee simple ownership of the premises in controversy; (15) in concluding that plaintiffs have no right or title whatever to the premises in question; (16) in rendering judgment for defendants against plaintiffs; (17) in finding that by a search of the deed records of Grayson County, Texas, the ownership of Jack B. Skinner could and can be determined; and (18) in finding that H. L. Noland took possession of the property in controversy under the purported deed of August 16, 1938 with the consent and acquiescence of Jack B. Skinner.

Appellants' points are answered by six counterpoints: (1) The instrument of

August 16, 1938 contained a statement of ownership and descriptive data within its four corners affording the means in writing for direct and certain identification of the land in question; (2) the court properly admitted extraneous testimony concerning the deed; (3) and the location of the land in question, its ownership, the amount of land owned by the grantor, and evidence of the family pedigree of the grantor; and properly concluded (4) that the instrument was a valid deed to the property involved; (5) properly admitted in evidence; and (6) correctly entered judgment thereon.

Both parties brief all points and counterpoints together and we will so consider them.

The deed in question is on a proper printed form of Warranty Deed and conveys all property described therein. The only questions raised by the evidence and record are with reference to the sufficiency of the description and, if it is not sufficient within itself, the admissibility of the extraneous evidence and the question of whether such evidence, if admissible, is sufficient to aid the description so as to make it legally sufficient.

■ The deed, in our opinion, sufficiently identifies the State, County and Survey in which the land is located and conveys out of such Survey in said County and State all of grantor's "one-third interest" in and to such property. The evidence also shows that the grantor owned a one-third interest in a part of the M. B. Lamar Survey (26⅔ acres) and that such one-third interest in such 26⅔ acres of land was the only land owned by him in said Survey in Grayson County, and also that said one-third interest in said 26⅔ acres of land was the only land owned by him at the time the deed was executed, in said Survey, or County, or State.

■ Under the above evidence, the correct rule as we understand it from our examination of the authorities, is that a deed is void for uncertainty if on its face the description cannot by extrinsic evidence be made to apply solely to one certain, definite, ascertainable tract of land and to no other tract of land. Conversely, a deed is not void for uncertainty unless on its face the description cannot by extrinsic evidence be made to apply solely and only to one definite, ascertainable tract of land and to no other tract of land. 14 Tex.Jur. 988, Deeds, sec. 201, and cases there cited; Wilder v. American Produce Co., 138 Tex. 519, 160 S.W.2d 519; Benton v. Martin, Tex.Civ.App., 244 S.W.2d 930. In the Wilder case [138 Tex. 519, 160 S.W.2d 521] our Supreme Court held that extrinsic evidence was necessary to locate that " 'unsold portion of the Four League Grant to the Town of Victoria * * * lying on the North bank of the Old River from its upper mouth to the crossing of the G. H. and S. A. Ry. Company, said strip of land not to exceed seventy (70) varas in width' "; and that the description together with evidence that the city owned the strip of land seventy varas in width on the west bank of the river below the town and giving the location of the "upper mouth" and the "North bank" of the river and the railroad right-of-way called for in the deed, together with such field notes of adjoining lots previously sold by the City and held that "The information contained in the deed, together with this available extrinsic evidence, was sufficient to enable the property to be identified with reasonable certainty, and the description was therefore sufficient."

■ We have also examined all authorities cited by the parties and hold that the above cited case and the authorities referred to in such case are controlling here, and that the court did not err in admitting the deed in evidence and in admitting the extrinsic evidence to identify the land in question covered by the deed, and that such deed and extrinsic evidence were sufficient to sustain the court's judgment.

Appellants' points are, for the reasons stated, each separately overruled and appellees' points are sustained and the judgment below is

Affirmed.