STATE of Texas ex rel. AMERICAN MAN-
UFACTURING COMPANY OF
TEXAS, Appellant,

v.

CITY OF FORT WORTH, Appellee.

No. 16130.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 7, 1960.

Rehearing Denied Nov. 4, 1960.

Doug Crouch, Dist. Atty., and Richard U. Simon, Fort Worth, for appellant.

S. G. Johndroe, Jr., City Atty., and Robert R. Goodrich, Asst. City Atty., Fort Worth, for appellee.

MASSEY, Chief Justice.

This was a suit brought to determine whether or not a certain annexation ordinance of Fort Worth, a "Home Rule" city of Texas, was or was not valid, and if so, whether it had or had not successfully brought into the corporate limits of the City the property of the American Manufacturing Company. On motion for summary judgment the decree in the trial court was in favor of the City.

Judgment affirmed.

The primary contention of appellant is that there has been a failure of annexation because of a deficiency in the City's ordinance in description of the property annexed. It appears that while the City in its original incorporation was described in language as to metes and bounds as is customary in the case of deeds, subsequent annexations have been of areas merely described by fixing a "beginning point" in the perimeter delineating the "city limit line", and thence making an encirclement of the newly annexed area as abutting upon said "line". When the description of the encirclement returns to a point in the City's perimeter, as it theretofore existed, it concludes the description in language reading substantially as follows: "thence (norther-ly, southerly, easterly, or westerly) along the present City of Fort Worth city limits to the place of beginning and containing approximately (blank) square miles of land." The foregoing was true as applied to the annexation ordinance in question on the appeal.

■ Appellant is of the opinion that the law should and does require that an ordinance annexing a designated area to be so sufficient in its description that a test thereof would satisfy the requirements of the Statute of Frauds and Fraudulent Conveyances (Vernon's Annotated Texas Civil Statutes Title 65, Arts. 3995–4004), and the Statute of Conveyances (V.A.T.S. Title 31, Arts. 1288–1301). We decline any opinion as to what the law should require in this regard, but we are convinced that it does not require the sufficiency of description for which appellant contends.

Under Legislative authority the City of Fort Worth amended its charter at a time prior to that material to this suit providing authority for the annexation by ordinance of new territory adjacent and contiguous to the existing City. The annexation in question was by ordinance, and the descriptions (additional to that heretofore mentioned with reference to a return to the point of "beginning" by a return thereto "along the present * * * city limits") have certain of the boundaries of the areas annexed described in language such as: "to a point in the Town of Saginaw city limits in the east right-of-way line of the Fort Worth and Denver Railway Company", "along the * * * Railway right-of-way line", "along the * * * Railway right-of-way line in a southeasterly, southwesterly, northwesterly and southwesterly direction to a point in the present * * * city limit line in the west line of Deen Road."

In relation to the boundary description, as same relates to the existing city limit "line" upon which the newly annexed property abuts, the appellant's contention must fail. In Kirby Lumber Co. v. Gibbs Bros. & Co., Tex.Com.App.1929, 14 S.W.2d 1013,

the Commission of Appeals held that a description in a deed is sufficient where a junior survey calls to begin at a senior, the junior beginning where the senior line is established, and that calls for distance and acreage of the junior survey must yield accordingly, since a call for adjoinder is like a call for natural or artificial objects, and conflicting calls for course, distance, or acreage must yield. Certainly, it would be true that if such rule applies in instances of conveyance of title it applies in the case of a City's annexation of territory.

And, in relation to the matter of sufficiency of description as to the perimeter boundary of the newly annexed areas, the appellant's contention must likewise fail, the description of corporate boundaries not being required to have the particularity ordinarily found in deeds. Lower Nueces River Water Supply District v. Cartwright, Tex.Civ.App., San Antonio 1954, 274 S.W. 2d 199, writ ref. n. r. e.; 2 McQuillin on Municipal Corporations, 3rd Ed., p. 261, "Corporate Boundaries and Subdivisions", sec. 7.04, "Sufficiency of Description"; 37 Am.Jur., p. 633, "Municipal Corporations", sec. 16, "Establishment and Location of Boundaries"; State of Texas ex rel. Averitt v. Wofford, 1897, 90 Tex. 514, 39 S.W. 921. In an annexation ordinance the municipality which adopts the same undoubtedly intends that the description therein employed was intended to effectively designate the territorial area to be brought into the City. The enactment of such an ordinance is legislative in character and, if the description in the same cannot be literally applied on account of inaccuracy, a reasonable construction is to be made of the whole of the ordinance provisions in order to carry into effect the intent of the body which enacted it. Application of such principle of law to the case before us warrants our holding that the description of the annexed property was sufficient.

Appellant points out that subsequent to the time of the charter amendment under authority of which the annexation ordinance was enacted, but before said latter occasion, the Fort Worth City Council passed a resolution that "in future annexation ordinances, areas to be annexed be fully described by metes and bounds, including the boundaries contiguous to the city limit lines prior to annexation. * *" This action by the City was truly a Resolution, not legislation. Being administrative it did not operate to impair the validity or hamper the effectiveness of annexation ordinances thereafter made under the authority of the City charter. Wilder v. American Produce Co., Tex.Civ.App., El Paso 1940, 147 S.W.2d 936, reversed on other grounds 138 Tex. 519, 160 S.W.2d 519; cases in Texas Digest Municipal Corporations, ☞85, Mode of action in general, and ☞105, Nature and requisites (of Ordinances, etc.) in general.

We sustain the contention of the appellant that the suit from which this appeal has been taken is another and different suit, involving a different ordinance and different issues from those upon which judgment in a former case has become final. See State of Texas ex rel. American Manufacturing Company of Texas v. City of Fort Worth, Tex.Civ.App., Fort Worth 1958, 314 S.W.2d 335. Therefore, the judgment in said former case does not estop prosecution involved in the instant case, nor is it res judicata of any issue here involved. City of Lubbock v. Stubbs, Tex. 1959, 327 S.W.2d 411.

Nevertheless, the judgment of the court below is to be affirmed upon grounds other than those of res judicata. There was no controverted issue of fact remaining to be tried when the motion for summary judgment was heard, hence the decision proper to be made was one of law. The judgment was, as it should have been, for the City of Fort Worth.

Judgment affirmed.